IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANGER OFFSHORE MEXICO, D. DE R.L. DE C.V., § § § § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | |
| § | | |
| GRUPO TRADECO, S.A. DE C.V., TRADECO INFRAESTRUCTURA, S.A. DE C.V., § § § § | | |
| Defendants, § | | C.A. No. 4:15-CV-00635 |
| § | | |
| vs. § | | Admiralty |
| § | | |
| TRADECO INFRAESTRUCTURA, S.A. DE C.V., TRADECO INFRASTRUCTURE, INC., TRADECO INGENIERIA, S.A. DE C.V., INNOVACIONES TECHNICAS EN CIMENTACION, S.A. DE C.V., TCO CONCRETE, INC., TEXAS DEPARTMENT OF TRANSPORTATION, § § § § § § § § § | | |
| Garnishees. § | | |

**DEFENDANT'S RESPONSE AND OBJECTIONS TO
PLAINTIFF'S APPLICATION FOR A SPECIAL PROCESS SERVER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, Grupo Tradeco, S.A. de C.V. ("Grupo"), and subject to its Restricted Appearance pursuant to Rule E(8) of the Supplemental Rules of the Federal Rules of Civil Procedure[1], files this Response and Objections to Plaintiff's Application for an Order to Appoint a Special Process Server (Dkt. #5) (hereinafter "Application") and proposed Order (Dkt. #6), and would respectfully show the Court as follows:

---
[1] See Dkt. #10.

## I. BACKGROUND FACTS

Plaintiff filed its Original Complaint (Dkt. #1) on March 10, 2015 alleging various facts and seeking preliminary relief in the form of maritime attachment under Rule B of the Supplemental Rules to attach assets of Defendant, Grupo, in advance of an arbitration proceeding against Co-Defendant Tradeco Infraestructura, S.A. de C.V's ("Tradeco"). See FED. R. CIV. PRO., SUPP. B. Specifically, Plaintiff is attempting to attach assets from six garnishees, as detailed in its Original Complaint, including the Texas Department of Transportation ("TxDOT"). See Dkt. #1, p. 3. An analysis of Plaintiff's Application reveals that some of the requests in the Application and Order are overreaching, and as to TxDOT are specifically barred by controlling case law from the Supreme Court of the United States.

## II. SUMMARY OF ARGUMENT

First, this Court lacks jurisdiction to impose any action on garnishee TxDOT as it is immune from any type of proceeding under the Eleventh Amendment absent waiver, whether statutorily or otherwise, as States and their agencies are immune from suit in Federal Court. *Monaco v. Mississippi*, 292 U.S. 313 (1934) (setting out basic framework for state sovereign immunity); *Hans v. Louisiana*, 134 U.S. 1 (1890) (Absent consent, a state cannot be sued by a citizen of the same state). Plaintiff has only named TxDOT to harass and subversively interfere with Co-Defendant Tradeco's ongoing business relationship.[2] Second, federal precedent dictates that garnishees be specified and absent sufficiently plead facts and allegations supporting such, which are not articulated in Plaintiff's Original Complaint, garnishment of unnamed affiliates

---

[2] See http://www.txdot.gov/apps-cq/project_tracker/projectdetails.htm?projid=005009070&dist=Houston

2

should not be allowed. Finally, Plaintiff's proposed Order is wholly lacking in any reasonable time constraints and would essentially allow Plaintiff to continue seeking attachment, without the requisite showing of good cause, from unnamed garnishees for years to come without leave of court.

### III. LEGAL ARGUMENT

#### A. THIS COURT LACKS JURISDICTION TO ENTERTAIN A SUIT AGAINST THE TEXAS DEPARTMENT OF TRANSPORTATION.

Eleventh Amendment immunity is a jurisdictional shield that divests federal courts of jurisdiction to entertain a suit brought against a state or a state agency. Eleventh Amendment immunity applies to any suit that "subjects a State to the coercive process of judicial tribunals." *Carpenters Pension Fund v. Md. Dep't of Health & Mental Hygiene*, 721 F.3d 217, 221 (4th Cir. 2013). Specifically, Eleventh Amendment immunity applies where a state or state agency is named as a garnishee in a garnishment action to satisfy the debts of another. *Id.* at 224 ("[f]rom the outset of the Republic a sovereign has enjoyed immunity from suits to attach its property ... and this principle applies equally to efforts to attach the funds of the sovereign to satisfy the debt of another.").

The Supreme Court has further spoken to admiralty actions and barred such a process as stated in *Welch v. Texas Department of Highways and Public Transportation*, where the Court held:

> "...the Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); See *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974); *Employees v. Missouri Dept. of Public Health and Welfare*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1615, 36 L.Ed.2d 251 (1973). For the same reason, the Court has held that the Amendment bars suits in admiralty against the States,

3

even though such suits are not, strictly speaking, "suits in law or equity." *Ex parte New York, No. 1*, 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921) (Eleventh Amendment bars *in personam* actions against a State by its citizens); *Ex parte New York, No. 2*, 256 U.S. 503 (1921) (Eleventh Amendment bars actions *in rem* against vessel owned by the State and employed exclusively for governmental purposes)."

483 U.S. 468, 472-3 (1987).

Second, under the Texas law that controls this garnishment proceeding,[3] the outcome is much the same. That is, Texas "[p]ublic policy exempts political subdivisions of the state performing governmental functions from execution or garnishment proceedings." *Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 912 (Tex. 1974); *Addison v. Addison*, 530 S.W.2d 920, 920-1 (Tex. Civ. App.--Houston [1st Dist.] 1975, no writ) ("As a state institution, Texas Southern University and its board of regents are exempt from garnishment proceedings.").

Other cases have dealt with the assertion of sovereign immunity in the face of garnishment actions issues at the state and federal level. These cases include *Texas Community Bank, N.A. v. Missouri Department of Social Services*, 232 F.3d 942 (8th Cir. 2000) (holding that state agency was entitled to assert Eleventh Amendment immunity from suit to garnish Medicaid funds owed to debtor), and *Driskill v. Hicks & Ingle Company of Virginia, Inc.*, 901 F.2d 383 (4th Cir. 1990) (holding that a statute granting that the administrator of the Small Business Administration could sue and be sued but that "no attachment, injunction, garnishment, or 'other

---

[3] *See* Rule B of the Supplemental Rules (section (1)(e) providing that "[t]he plaintiff may invoke state-law remedies under Rule 64"); Fed. R. Civ. P. 64(a) (remedies available "under the law of the state where the court is located"); *Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 415-416 (5th Cir. 2005) (garnishment actions filed in federal court are governed by state law and procedure, except where a particular federal law may apply).

similar process' shall be issued against administrator or his property'" precluded imposition of equitable lien on any funds belonging to the SBA).[4]

Here, Grupo is the debtor in a garnishment proceeding involving a Texas state agency, TxDOT, over which this court has no jurisdiction under controlling U.S. Constitutional and Texas state law. *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974); *Kennecott Copper Corp. v. State Tax Comm'n,* 327 U.S. 573 (1946). Because Grupo has a direct interest in this garnishment proceeding, it is entitled to attack that portion of this proceeding on the foregoing grounds. *See Addison,* 530 S.W.2d at 921 ("Appellee [debtor] had a direct interest in the proceedings and was entitled to attack the issued writ [of garnishment] by motion to quash.").

Further, the contract referenced in Plaintiff's Complaint is a matter of public record and is between TxDOT and Tradeco.[5] See Dkt. #1, p. 5, paras. 30-32. As such, Plaintiff is well aware that TxDOT does not have any contracts, accounts, or monies owed to Grupo. Moreover, this has been further confirmed by Tradeco's previously produced affidavit. See Dkt. #11,

---

[4] The latter case is noteworthy because certain Texas statutory language largely mirrors the language of the statute in this case. Texas provides for a waiver of sovereign immunity under Chapter 114 of the CIV. PRAC. & REM. CODE "only to a claim for breach of a written contract for engineering, architectural, or construction services or for materials related to engineering, architectural, or construction services brought by a party to the written contract, in which the amount in controversy is not less than $250,000, excluding penalties, costs, expenses, prejudgment interest, and attorney's fees." TEX. CIV. PRAC. & REM. § 114.002. TEX. CIV. PRAC. & REM. § 114.011 then further provides that, "[s]atisfaction and payment of any judgment under this chapter may not be paid from funds appropriated to the state agency from general revenue unless the funds are specifically appropriated for that purpose. Property of the state or any agency, department, or office of the state is not subject to seizure, attachment, garnishment, or any other creditors' remedy to satisfy a judgment taken under this chapter."
[5] http://www.txdot.gov/apps-cq/project_tracker/projectdetails.htm?projid=005009070&dist=Houston

Exhibit A (Affidavit of Carlos González Macías). Thus, an Order granting any action or garnishment against TxDOT is improper and Plaintiff's request for such should be denied.

### B. PLAINTIFF'S ORDER IS OVERREACHING AND LACKS SUFFICIENTLY PLEADED FACTS TO SUPPORT NAMING "AFFILIATES" AND OTHER "UNNAMED GARNISHEES".

Additionally, the proposed Order to Issue Process of Maritime Attachment includes naming the garnishees, as stated in the Original Complaint, as well as "any of their affiliates." See Dkt. #6, p. 2. Courts have held that absent sufficiently plead and supported allegations of alter ego, the property of an affiliate or subsidiary of the named defendant is not subject to an attachment. See *Emeraldian Ltd. Partnership v. Wellmix Shipping Ltd.*, 2009 WL 3076094 (S.D.N.Y. Sep. 28, 2009), citing *Kola Shipping Ltd. v. Shakti Bhog Foods Ltd.*, 2009 WL 464202 (S.D.N.Y. Feb. 24, 2009) ("However liberal the attachment procedures under Rule B may be, courts should not indiscriminately allow attachment of the property of every affiliate of a maritime defendant simply upon an allegation that such entity is associated with the proper defendant. Rather, it is prudent to require a showing that there is at least some basis for believing that the attachment will reach only those additional entities that are in fact alter egos of the maritime defendant."). As such it reasonably appears that Plaintiff's proposed order is over reaching as to named garnishees without naming their unspecified affiliates.

This issue was addressed in the revisions to Rule B(1) so that the garnishee shall be named in the "process" rather than in the "complaint." This amendment to Rule B was done to solve the problem presented in *Filia Compania Naviera, S.A. v. Petroship, S.A.*, 1983 A.M.C. 1 (S.D.N.Y. 1982). See Supp. Rule B advisory committee's note (1985 Amendment).

### C. PLAINTIFF'S ORDER LACKS SPECIFICITY AND THE COURT SHOULD DECLINE TO GRANT POWERS WITHIN ITS DISCRETION.

Flowing naturally from Plaintiff's attempts to circumvent the naming of unspecified affiliates of garnishees in the process of Attachment, Plaintiff's proposed Order is wholly lacking in any reasonable time constraints and would essentially allow Plaintiff to continue seeking attachment, without the requisite showing of good cause, from unnamed garnishees for years to come without leave of court.

Defendant finds it instructive to look to the vast experiences of the Federal Court of the Southern District of New York in Rule B matters. The growth of Rule B cases was so great that, from October 1, 2008, and January 31, 2009, maritime plaintiffs filed 962 lawsuits—constituting one-third of all lawsuits filed in the Southern District of New York—seeking to attach a total of $1.35 billion U.S. dollars. *Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 62 (S.D.N.Y. 2009) As such, a review of sample attachment and garnishment Orders[6] from the Southern District of New York delineates the specificity in naming garnishees and allowing for a reasonable time, not an unlimited amount of time, for a Plaintiff to execute the requested attachment and garnishment action contemplated by Rule B.

Finally, Plaintiff's proposed Order requests no further action from this Court to seek attachment of assets from "additional garnishees." See Dkt. #6, p. 3. While Rule B contemplates such an action, in stating that such a Clerk "may issue supplemental process....without further court order." for the reasons detailed above, such an allowance by this Court should be declined. Fed. R. Civ. Pro., Supp. B. (1)(b). Plaintiff's overreaching request of an Attachment Order

---

[6] http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=465

against a jurisdictionally immune garnishee, unnamed affiliates and other unnamed garnishees, for an unspecified amount of time all weigh in favor of this Court declining to extend its discretion to this Plaintiff.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, Grupo Tradeco, S.A. de C.V. prays that this Court grant the requested relief and while generally approving the relief requesting in Plaintiff's Application (Dkt. # 5), adopting Defendant's Order as conforming with this Court's jurisdictional power, federal precedent and experiences, and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

By: /s/ *Michael K. Bell*
Michael K. Bell
Attorney-In-Charge
State Bar No. 02081200
Federal I.D. No. 5085
700 Louisiana, Suite 4000
Houston, Texas 77002-2727
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
MBell@BlankRome.com
*Attorneys for Defendant Grupo Tradeco, S.A. de C.V.*

OF COUNSEL:
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
JHuffman@BlankRome.com
**Blank Rome LLP**

Brent L. Vannoy
TBA No. 00794782
Fed. I.D. No. 20829

8

**JOHNSON DELUCA KURISKY & GOULD, P.C.**
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 – Facsimile
Email: bvannoy@jdkglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to Rule 5 of the Federal Rules of Civil Procedure on all counsel of record on this 6th day of April, 2015, as follows:

Brett J. Young
Elizabeth A. Gilman
K&L Gates, LLP
1000 Main Street, Suite 2550
Houston, TX 77002
*Attorneys for Plaintiff*

             */s/ Jay T. Huffman*
             Jay T. Huffman