IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V. | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| vs. | | CASE NO. 4:15-cv-00635 |
| GRUPO TRADECO S.A. DE C.V., TRADECO INFRAESTRUCTURA, S.A. DE C.V. | | Admiralty |
| *Defendants,* | | |
| vs. | | |
| TRADECO INFRAESTRUCTURA, S.A. DE C.V., TRADECO INFRASTRUCTURE, INC., TRADECO INGENIERIA, S.A. DE C.V., INNOVACIONES TÉCHNICAS EN CIMENTACIÓN, S.A. DE C.V., TCO CONCRETE, INC., TEXAS DEPARTMENT OF TRANSPORTATION | | |
| *Garnishees.* | | |

## DEFENDANT TRADECO INFRAESTRUCTURA, S.A. DE C.V.'S MOTION TO COMPEL ARBITRATION AND FOR STAY OR DISMISSAL OF LITIGATION

TO THE UNITED STATES DISTRICT COURT:

COMES NOW Tradeco Infraestructura S.A. de C.V. ("Tradeco" or "Defendant") and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure files this Motion to Compel Arbitration and for Stay or Dismissal of Litigation (the "Motion"), and in support shows the Court as follows:

## I.
## PRELIMINARY STATEMENT

1.  On January 31, 2014, Tradeco entered into an agreement with Plaintiff Ranger Offshore Mexico, S. de R.L. de C.V. ("Ranger" or "Plaintiff") to charter the *MV Lewek Toucan*. A true and correct copy of the BIMCO Charter Party Agreement evidencing this agreement, (the "Charter Party Agreement") is herein referenced as **Exhibit "A."**[1]

2.  On May 27, 2014, Tradeco's parent company, Grupo Tradeco, S.A. de C.V. ("Grupo") executed a Charter Party Guarantee (the "Guarantee") with the Plaintiff, which is herein referenced as **Exhibit "B."**[2]

3.  The Charter Party Agreement provides initially in Clause 34, but fully in Clause 39, that "[A]ny an all differences and disputes of whatsoever nature arising out of this contract shall be put to arbitration in the City of Houston, Texas, pursuant to the Maritime Laws of the United States, the Federal Arbitration Act [FAA], and the Rules of the Houston Maritime Arbitrators Association before a panel of three persons," and that, "Their decision or that of any two of the three [arbitrators] on any point or points shall be final."

4.  The Guarantee, in Clauses 5 and 6, provides that it pertains to the obligations of Tradeco with regard to the Charter Party Agreement.

5.  On March 10, 2015, Plaintiff filed the present suit. For cause of action against Tradeco, Plaintiff states it intends to ask the court to "enter judgment upon an arbitral award." For causes of action against Grupo, Plaintiff states breach of the Guarantee, interest and

---

[1] A copy of the Charter Party is attached to Plaintiff's Original Complaint (Dkt. #1) as Exhibit A-1 to the Verification of James P. Lam.
[2] A copy of the Guarantee is attached to Plaintiff's Original Complaint (Dkt. #1) as Exhibit A-2 to the Verification of James P. Lam.

attorney's fees, and also asserts claims for maritime attachment and garnishment in this district under Rule B of the Supplemental Rules. *See* Plaintiff's Original Verified Complaint & Application for Interim Relief [**Dkt. #1**] at p. 17-19.

6. Ranger commenced arbitration against Tradeco with regard to the Charter Party Agreement on or about March 12, 2015.

7. For the reasons set forth below, Tradeco respectfully requests that, except for the claims for maritime attachment and garnishment under Rule B of the Supplemental Rules, the Court stay the pending litigation and compel Plaintiff's claims against Grupo (for breach of the Guarantee, interest and attorney's fees) to the arbitration currently pending against Tradeco.

## II.
### ARGUMENT AND AUTHORITIES

8. Federal and state law strongly favor arbitration. *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). Indeed, a presumption exists in favor of agreements to arbitrate under the FAA. *Cantella & Co., Inc.*, 924 S.W.2d at 944; *Allied-Bruce Terminix Cos. V. Dobson*, 513 U.S. 265, 276-77 (Language of FAA should be interpreted to provide for enforcement of arbitration agreements within full reach of Commerce Clause). Courts must resolve any doubts about an agreement to arbitrate in favor of arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006).

9. An arbitration agreement is valid and enforceable if an arbitration agreement exists and the claims asserted are within the scope of the agreement. *Dealer Computer Servs. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009). Once a party seeking to compel arbitration establishes that an arbitration agreement exists and that the claims are within the scope of the arbitration agreement, the court has no discretion but to compel arbitration and stay

its proceedings pending arbitration. *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1147 (5th Cir. 1985). Moreover both federal and state courts have recognized that, "[I]t does not follow… that under the [Federal Arbitration Act] an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision" but that under certain circumstances, principles of contract law and agency may bind a non-signatory to an arbitration agreement. *See* Clint A. Corrie, *Challenges in International Arbitration for Non-Signatories*, COMP. LAW YEARBOOK OF INT'L BUS. 45, 47 (2007), *available at* http://www.bmpllp.com/files/1189004714.pdf (citing *Fisser v. Int'l Bank*, 282 F.2d 231, 233 (2nd Cir., 1960), quoted in *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000), and *Thomson-CSF, SA v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004), *quoting Thomson-CSF, SA v. Am. Arbitration Ass'n*, 64 F.3d 776; *In re First Merit Bank*, 52 S.W.3d 755 (Tex. 2001), citing *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520 (Tex. App., Austin 1998, no pet.); *SW Tex. Pathology Assocs. V. Roosth*, 27 S.W.3d 204, 208 (Tex. App., San Antonio 2000, Pet. Dism'd w.o.j.).

10. There is no question that the Charter Party Agreement includes a valid agreement to arbitrate. *See* Exhibit A, at p. 2 (Box 34), p. 12-13 (Clause 34(c)), and p. 14 (Clause 39). Further, because Plaintiff's claims, for breach of the Guarantee, are derivative of those against Tradeco, those same claims should properly be in arbitration, not in a court of law.

11. Once a party seeking to compel arbitration establishes that an arbitration agreement exists and that the claims are within the scope of the arbitration agreement, the court has no discretion but to compel arbitration and stay its proceedings pending arbitration. *Cantella*, 924 S.W.2d at 944. The FAA specifically requires the court to "stay the trial of the

action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3. In matters such as the present where all of the claims are arbitrable, the action may be dismissed entirely. *Alford v. Dean Witter Reynolds, Inc.*, 975 F. 2d 1161, 1664 (5th Cir. 1992).

### III.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Tradeco Infraestructura, S.A. de C.V. respectfully requests that the Court grant this Motion, and, except for the claims for maritime attachment under Rule B of the Supplemental Rules, stay the pending litigation and compel Plaintiff's claims against Grupo Tradeco S.A. de C.V. for breach of the Charter Party Guarantee, interest and attorney's fees to the arbitration currently pending against Tradeco Infraestructura S.A. de C.V., and award Defendant any further relief to which it is justly entitled.

Respectfully submitted,

By: /s/ *Michael K. Bell*
Michael K. Bell
State Bar No. 02081200
Federal I.D. No. 5085
700 Louisiana, Suite 4000
Houston, Texas 77002-2727
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
MBell@BlankRome.com
*Attorney in Charge for Defendant Tradeco Infraestructura, S.A. de C.V.*

OF COUNSEL:
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
JHuffman@BlankRome.com
**BLANK ROME LLP**

Brent L. Vannoy
State Bar No. 00794782

Federal I.D. No. 20829
bvannoy@jdkglaw.com
**JOHNSON DELUCA KURISKY & GOULD, P.C.**
4 Houston Center
1221 Lamar Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

## CERTIFICATE OF CONFERENCE

I hereby certify that we conferred with counsel for Plaintiff this date and, hearing no affirmative response, assume they are opposed to the relief requested by Defendant.

> */s/ Jay T. Huffman*
> Jay T. Huffman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been delivered via hand delivery and/or certified mail/return receipt requested and/or facsimile and/or electronic delivery to all pro se parties and counsel of record on this, the 8th day of April, 2015, as follows:

**VIA CM/ECF**
Brett J. Young
Elizabeth A. Gilman
K&L Gates, LLP
1000 Main Street, Suite 2550
Houston, Texas 77002

> */s/ Jay T. Huffman*
> Jay T. Huffman