IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V. | § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CASE NO. 4:15-cv-00635 |
| GRUPO TRADECO S.A. DE C.V., TRADECO INFRAESTRUCTURA, S.A. DE C.V. | § § § § | Admiralty |
| *Defendants,* | § § § | |
| vs. | § § | |
| TRADECO INFRAESTRUCTURA, S.A. DE C.V., TRADECO INFRASTRUCTURE, INC., TRADECO INGENIERIA, S.A. DE C.V., INNOVACIONES TÉCHNICAS EN CIMENTACIÓN, S.A. DE C.V., TCO CONCRETE, INC., TEXAS DEPARTMENT OF TRANSPORTATION | § § § § § § § § § § | |
| *Garnishees.* | § | |

**DEFENDANT TRADECO INFRAESTRUCTURA, S.A. DE C.V.'S ANSWER TO
PLAINTIFF RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V.'S ORIGINAL
VERIFIED COMPLAINT AND APPLICATION FOR INTERIM RELIEF**

COMES NOW Defendant Tradeco Infraestructura, S.A. de C.V. ("Tradeco") and answers

the Original Verified Complaint and Application for Interim Relief (hereinafter "Complaint") of

Plaintiff Ranger Offshore Mexico, S. de R.L. de C.V. ("Ranger" or "Plaintiff") as follows:

**I.  ANSWER**

**FIRST DEFENSE**

The allegations in the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3)

or alternatively should be compelled to arbitration.

AND NOW, Tradeco responds to the individual Paragraphs of the Complaint, as follows:

INTRODUCTION

1.      Tradeco admits the allegations in Paragraph 1 of the Complaint.

2.      Paragraph 2 contains legal conclusions to which Tradeco is not required to respond. Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

3.      Paragraph 3 contains legal conclusions to which Tradeco is not required to respond. Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

4.      Paragraph 4 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco admits to Paragraph 4 of the Complaint.

5.      Paragraph 5 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco admits to Paragraph 5 of the Complaint.

6.      Paragraph 6 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco admits the allegations of Paragraph 6 only to the extent that "ancillary proceedings" have been initiated outside the Southern District of Texas, and denies the remaining allegations.

7.      Paragraph 7 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco admits the allegations of Paragraph 7 only to the extent that Ranger seeks to attach assets of Grupo Tradeco S.A. de C.V. ("Grupo") in advance of a determination of other claims, but denies the remaining allegations.

PARTIES

8.      Paragraph 8 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco admits the allegations in Paragraph 8 of the Complaint.

2

9.      Tradeco admits the allegations in Paragraph 9 of the Complaint.

10.     Tradeco admits the allegations in sentence 1 of Paragraph 10 of the Complaint. Tradeco admits the allegations in sentence 2 of Paragraph 10 of the Complaint insofar as Tradeco does business as Tradeco Infraestructura, Inc. only within the United States.

11.     Tradeco admits the allegations in sentence 1 of Paragraph 11 of the Complaint. Tradeco admits the allegation of sentence 2 of Paragraph 11 of the Complaint insofar as to admit that Tradeco Infrastructure, Inc. has operated as Best Recruiting Strategies, but denies that Tradeco Infrastructure, Inc. has operated as Best Recruiting Strategies at times relevant to this dispute.

12.     Tradeco admits the allegations in sentence 1 of Paragraph 12.  Tradeco admits the allegations in sentence 2 of Paragraph 12 of the Complaint only insofar as to admit that it has registered an assumed name of Tradeco Ingenieria, Inc. with the Texas Secretary of State. Tradeco denies the allegations in sentence 2 of Paragraph 12 of the Complaint insofar as it has never actually operated in Texas.

13.     Tradeco admits the allegations in Paragraph 13 of the Complaint.

14.     Tradeco admits that TCO Concrete, Inc. is a Delaware corporation with its principal place of business in Houston, Texas, but denies that TCO Concrete, Inc.'s principal place of business is located at 11913 FM 529 Road, Houston, Texas 77041.  Tradeco admits that TCO Concrete, Inc.'s principal place of business is 10077 Grogans Mill Road, Suite 540, The Woodlands, Texas 77380.

15.     Tradeco admits the allegations in sentence 1 of Paragraph 15, and states that sentence 2 of Paragraph 15 of the Complaint contains legal conclusions to which Tradeco is not required to respond.   Alternatively, if such be necessary, Tradeco denies the allegations in

3

sentence 2 of Paragraph 15 of the Complaint. The Texas Department of Transportation ("TxDOT") is jurisdictionally immune under the Eleventh Amendment[1], which was not waived statutory or otherwise in this matter, and is therefore not a proper Garnishee in this action. Additionally, TxDOT is not a proper garnishee because it has only entered into contracts with defendant Tradeco, which is making a personal appearance in this suit and can be found within the district for purposes of Rule B. Finally, TxDOT is also not properly a Garnishee as to defendant Grupo, because Grupo has no contracts with purported Garnishee TxDOT.[2]

### JURISDICTION AND VENUE

16.     Paragraph 16 contains legal conclusions to which Tradeco is not required to respond. Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

17.     Tradeco denies the allegations, as worded, in Paragraph 17, but otherwise admits, subject its Motion to Compel Arbitration[3], pursuant to Fed. R. Civ. P. 12(b)(3) that Clauses 34 and 39 of the Charter Party Agreement mandate arbitration "…in the City Houston, pursuant to the Maritime Law of the United States, The Federal Arbitration Act, and rules of the Houston Maritime Arbitrators Association."[4]

### CONDITIONS PRECEDENT

18.     Tradeco admits the allegation in sentence 2 of Paragraph 18 that written demand for payment was provided on January 26, 2015. Sentence 1 of Paragraph 18 contains legal conclusions to which Tradeco is not required to respond. Alternatively, if such be necessary, Tradeco denies the allegations contained therein, stating that arbitration is a condition precedent to suit against Tradeco.

---

[1] *Monaco v. Mississippi*, 292 U.S. 313 (1934); See also Dkt. #12 (Defendant Grupo Tradeco's Response to Plaintiff's Motion for a Special Process Service).
[2] See Dkt. #11, Ex. A (Affidavit of Carlos Gonzalez Macias).
[3] See Dkt. # 13.
[4] See Dkt. #1, Ex. A-1.

STATEMENT OF FACTS

19. Paragraph 19 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco lacks knowledge or information to answer the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco lacks knowledge or information to answer the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco lacks knowledge or information to answer the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 does not contain allegations to which a response from Tradeco is required. Alternatively, if such be necessary, Tradeco lacks knowledge or information to answer the allegations in Paragraph 22 of the Complaint.

23. Tradeco denies the allegations in Paragraph 23 of the Complaint insofar as one individual owner owns a very small fractional share of Tradeco. Except for this fractional share, Tradeco is owned by Grupo.

24. Tradeco denies the allegations in Paragraph 24 of the Complaint insofar as Tradeco is a parent company to many subsidiaries, but they are not "wholly-owned" by Tradeco.

25. Tradeco denies the allegations in Paragraph 25 of the Complaint. Alternatively, Tradeco lacks knowledge or information to answer the allegations in Paragraph 25, insofar as "[T]he Grupo Tradeco companies" referenced in the sentence is an undefined term.

26. Tradeco denies the allegations in Paragraph 26 of the Complaint. Alternatively, Tradeco is without knowledge or information to answer the allegations in Paragraph 26 of the

Complaint inasmuch as Tradeco does not know the source of the language to which Plaintiff apparently refers.

27.     Tradeco admits the allegations of Paragraph 27 of the Complaint.

28.     Tradeco denies the allegations of Paragraph 28 of the Complaint.

29.     Tradeco admits the allegations in Paragraph 29 of the Complaint.

30.     Tradeco denies the allegations in Paragraph 30 of the Complaint insofar as "infrastructure development work" is an overbroad characterization of Tradeco's work in Texas. Tradeco has won bids with TxDOT which are strictly in the nature of construction work.

31.     Tradeco admits the allegations in sentence 1 of Paragraph 31 of the Complaint and denies the allegations in sentence 2 of Paragraph 31 of the Complaint insofar as the dollar amount of the bid is incorrect.

32.     Tradeco denies the allegations in Paragraph 32 of the Complaint.

33.     Tradeco admits the allegations in Paragraph 33 of the Complaint insofar as it won a bid as lead contractor for an expansion/repair project of I-10 from Mesa Street (SH 20) to Executive Center Boulevard in El Paso, Texas.  Tradeco denies the allegations of Paragraph 33 of the Complaint insofar as it incorrectly identifies the road as leading from Resler Drive and also insofar as it incorrectly states the amount of Tradeco's bid.

34.     Tradeco admits the allegations in Paragraph 34 of the Complaint.

35.     Tradeco admits the allegations contained in Paragraph 35 of the Complaint.

36.     Tradeco admits the allegations contained in Paragraph 36 of the Complaint.

37.     Tradeco variously admits and denies the allegations of the subsections of Paragraph 37 of the Complaint, as set forth below, subject to the following caveat.  Tradeco is an entity created under Mexican law, and as such, there is not a direct equivalent in every respect to

"officers and directors."  Accordingly, the offices of each individual identified by Plaintiff, with the names of their office(s) in Spanish are:

a.      Tradeco admits the allegations in Paragraph 37(a) of the Complaint and states that Mr. Martínez Urmeneta's title is "Presidente."

b.      Tradeco admits the allegations in Paragraph 37(b) of the Complaint but clarifies that Mr. Beristáin Gómez's title is actually "Contralor General."

c.      Tradeco admits the allegations in Paragraph 37(c) of the Complaint.

d.      Tradeco admits the allegations in Paragraph 37(d) of the Complaint.

e.      Tradeco admits the allegations in Paragraph 37(e) of the Complaint and states that Mr. Loustalot-Laclette Macías's title is "Vicepresidente."

f.      Tradeco admits the allegations in Paragraph 37(f) of the Complaint and states that Mr. Orozco Unzueta's title is "Secretario."

g.      Tradeco admits the allegations in Paragraph 37(g) of the Complaint.

h.      Tradeco admits the allegations in Paragraph 37(h) of the Complaint and states that Mr. Del Olmo's title is "Vicepresidente."

i.      Tradeco admits the allegations in Paragraph 37(i) of the Complaint but clarifies that Mr. Torres Jaime's title is technically "Gerente Tecnico."

j.    Tradeco denies the allegations in Paragraph 37(j) of the Complaint.

38.      Tradeco variously admits and denies the allegations of the subsections of Paragraph 38 of the Complaint, as set forth below, subject to the following caveat.  Grupo is an entity created under Mexican law, and as such, there is not a direct equivalent in every respect to "officers and directors."  Accordingly, the offices of each individual with the proper names of their office(s) in Spanish are:

7

a.      Tradeco admits the allegations contained in Paragraph 38(a) of the Complaint and states that Mr. Martínez Urmeneta's title is "Presidente."

b.      Tradeco admits the allegations contained in Paragraph 38(b) of the Complaint and states that Mr. Espinosa Guzmán's title is "Vicepresidente."

c.      Tradeco admits the allegations contained in Paragraph 38(b) of the Complaint and states that Mr. González Macías's title is "Secretario" And also holds a functional title of North America and Middle East Director.

d.      Tradeco admits the allegations contained in Paragraph 38(d) of the Complaint and states that Mr. Cortés Gallardo's title is "Contador General."

e.      Tradeco denies the allegations contained in Paragraph 38(e) of the Complaint.

f.      Tradeco admits the allegations contained in Paragraph 38(f) of the Complaint and states that Mr. Beristáin Rodríguez's title is "Vicepresidente."

g.      Tradeco admits the allegations in Paragraph 38(g) of the Complaint.

39.      Tradeco variously admits and denies the allegations of the subsections of Paragraph 39 of the Complaint, as set forth below.

a.      Tradeco admits the allegations in Paragraph 39(a) of the Complaint.

b.      Tradeco denies the allegations in Paragraph 39(b) of the Complaint insofar as one individual owner owns a very small fractional share of Tradeco Ingenieria, S.A. de C.V. Except for this fractional share, Tradeco Ingenieria, S.A. de C.V. is owned by Grupo Tradeco.

c.      Tradeco denies the allegations contained in Paragraph 39(c) of the Complaint insofar as one individual owner owns a very small fractional share of Innovaciones

Téchnicas en Cimentación, S.A. de C.V.   Except for this fractional share, Innovaciones Téchnicas en Cimentación, S.A. de C.V. is owned by Grupo.

      d.     Tradeco denies the allegations contained in Paragraph 39(d) of the Complaint.

      e.     Tradeco admits the allegations contained in Paragraph 39(e) of the Complaint.

      f.     Tradeco denies the allegations contained in Paragraph 39(f) of the Complaint insofar as one individual owner owns a very small fractional share of Tradeco Urbana S.A. de C.V.  Except for this fractional share, Tradeco Urbana S.A. de C.V. is owned by Grupo.

      g.     Tradeco denies the allegations contained in Paragraph 39(g) of the Complaint insofar as one individual owner owns a very small fractional share of Innovaciones Técnicas de Cimentación, S.A. de C.V. Except for this fractional share, Innovaciones Técnicas de Cimentación, S.A. de C.V. is owned by Grupo.

      h.     Tradeco denies the allegations contained in Paragraph 39(h) of the Complaint insofar as one individual owner owns a very small fractional share of Compañia Mexicana de Taxis Aéreos S.A. de C.V.  Except for this fractional share, Compañia Mexicana de Taxis Aéreos S.A. de C.V. is owned by Grupo.

      i.     Tradeco denies the allegations contained in Paragraph 39(i) of the Complaint.

      j.     Tradeco denies the allegations contained in Paragraph 39(j) of the Complaint insofar as one individual owner owns a very small fractional share of Operaciones y Rentas Costa Afuera S.A. de C.V.  Except for this fractional share, Operaciones y Rentas Costa Afuera S.A. de C.V. is owned by Grupo.

9

        k.      Tradeco denies the allegations contained in Paragraph 39(k) of the Complaint.

        l.      Tradeco answers that it lacks knowledge or information sufficient to answer the allegations in Paragraph 39(l) because it does not know whether Plaintiff is making reference to the entity "Tradeco Operación International" when it recites "Tradeco International." Tradeco proceeds on the assumption that Plaintiff is actually referring to "Tradeco Operación International," and so denies the allegations contained in Paragraph 39(l) of the Complaint insofar as one individual owner owns a very small fractional share of Tradeco Operación International. Except for this fractional share, Tradeco Operación International is owned by Grupo.

        m.      Tradeco denies the allegations contained in Paragraph 39(m) of the Complaint.

        n.      Tradeco denies the allegations contained in Paragraph 39(n) of the Complaint.

40.     Tradeco admits the allegations in Paragraph 40 of the Complaint.

41.     Tradeco admits the allegations in Paragraph 41 of the Complaint.

42.     Tradeco admits the allegations in Paragraph 42 of the Complaint.

43.     Tradeco admits the allegations in Paragraph 43 of the Complaint.

44.     Tradeco admits the allegations in Paragraph 44 of the Complaint.

45.     Tradeco admits the allegations in Paragraph 45 of the Complaint.

46.     Tradeco admits the allegations in Paragraph 46 of the Complaint.

47.     Tradeco admits the allegations in Paragraph 47 of the Complaint.

48.     Tradeco admits the allegations in Paragraph 48 of the Complaint.

49.     Tradeco admits the allegations in Paragraph 49 of the Complaint to the extent that the Charter Party Agreement itself does not contain any clauses which limit the use of the Vessel to any one customer.  Tradeco denies the allegations in Paragraph 49 insofar as Plaintiff was made aware that the Vessel was intended to be used within Mexican territory within the Gulf of Mexico and could not be quickly repurposed to another customer within those geographic boundaries.

50.     Tradeco denies the allegations in Paragraph 50 of the Complaint.

51.     Tradeco denies the allegations in Paragraph 51 of the Complaint.

52.     Tradeco denies the allegations in Paragraph 52 of the Complaint.

53.     Tradeco denies the allegations in Paragraph 53 of the Complaint as the parties have both executed and signed an Amendment 1 and Charter Party Guarantee to the Charter Party Agreement.

54.     Tradeco denies the allegations in Paragraph 54 of the Complaint.

55.     Tradeco admits the allegations in Paragraph 55 of the Complaint.

56.     Tradeco admits the allegations in Paragraph 56 of the Complaint.

57.     Tradeco admits the allegations in Paragraph 57 of the Complaint.

58.     Tradeco admits the allegations in Paragraph 58 of the Complaint.

59.     Tradeco admits the allegations in Paragraph 59 of the Complaint.

60.     Tradeco admits the allegations in Paragraph 60 of the Complaint.

61.     Tradeco admits the allegations in Paragraph 61 of the Complaint.

62.     Tradeco admits the allegations in Paragraph 62 of the Complaint.

63.     Tradeco admits the allegations in Paragraph 63 of the Complaint.

64.     Tradeco denies the allegations in Paragraph 64 of the Complaint.  Promises were made in good faith based on negotiations with the client, PEMEX.

65.     Tradeco admits the allegations in Paragraph 65 of the Complaint.

66.     Tradeco admits the allegations in Paragraph 66 of the Complaint.

67.     Tradeco admits the allegations in Paragraph 67 of the Complaint.

68.     Tradeco denies the allegations in Paragraph 68 of the Complaint inasmuch as intervening circumstances prevented any of the "underlying work" from being performed. Tradeco chartered the Vessel in order to perform work on the "AKAL" project of PEMEX.  The failure of PEMEX to build the necessary platform prevented the Vessel from entering into the Ku Maloob Zaap ("KU-MA-ZA") field in the Gulf of Mexico.

69.     Tradeco admits the allegations in Paragraph 69 of the Complaint.

70.     Tradeco admits the allegations in Paragraph 70 of the Complaint.

71.     Tradeco admits the allegations in Paragraph 71 of the Complaint.

72.     Tradeco admits the allegations in Paragraph 72 of the Complaint.

73.     Tradeco admits the allegations in Paragraph 73 of the Complaint.

74.     Tradeco admits the allegations in Paragraph 74 of the Complaint.

75.     Tradeco admits the allegations in Paragraph 75 of the Complaint.

76.     Tradeco admits the allegations in Paragraph 76 of the Complaint.

77.     Tradeco admits the allegations in Paragraph 77 of the Complaint.

78.     Tradeco admits the allegations in Paragraph 78 of the Complaint.

79.     Tradeco admits the allegations in Paragraph 79 of the Complaint.

80.     Tradeco admits the allegations in Paragraph 80 of the Complaint insofar as Amendment No. 1 to the Charter Party Agreement the states the following:

12

> After the period of suspension and between August 10 and September 7, Owners will redeliver the Vessel to Charterers at the Carmen Sea Buoy. Upon the conclusion of the suspension period and upon re-delivery, the Vessel will return to 'on hire' status under the Charter for the original remaining full firm period of 48 days plus an additional 85 days firm.

Tradeco denies the allegations of Paragraph 80 of the Complaint to the extent that it denies the suspension was a condition "promised" to Tradeco which would necessarily take place between August 10 and September 7, 2014.

81.     Tradeco lacks knowledge or information to answer the allegations in Paragraph 81 of the Complaint.

82.     Tradeco denies the allegations of Paragraph 82, insofar as Tradeco asserts the force majeure clause of the Charter Party Agreement.

83.     Tradeco admits the allegations in Paragraph 83 of the Complaint.

84.     Tradeco admits the allegations in Paragraph 84 of the Complaint.

85.     Tradeco admits the allegations in Paragraph 85 of the Complaint.

86.     Tradeco admits the allegations in Paragraph 86 of the Complaint.

87.     Tradeco admits the allegations in Paragraph 87 of the Complaint.

88.     Tradeco admits the allegations in Paragraph 88 of the Complaint.

89.     Tradeco admits the allegations in Paragraph 89 to the extent that it admits Ranger assisted in the completion of a "suitability survey," but lacks knowledge or information sufficient to form a belief about the remainder of the allegations contained in Paragraph 89, including the allegations that a suitability survey was not required by the agreements, or that an express understanding existed that the survey did not impact the Vessel's on-hire status beginning August 15, 2014.

90.     Tradeco admits the allegations in Paragraph 90 of the Complaint; work was not commenced with PEMEX because of PEMEX's rejection of the M/V LEWEK TOUCAN due to its condition.

91.     Tradeco admits the allegations contained in Paragraph 91 of the Complaint.

92.     Tradeco admits the allegations contained in Paragraph 92 of the Complaint.

93.     Tradeco admits the allegations contained in Paragraph 93 of the Complaint.

94.     Tradeco admits the allegations contained in Paragraph 94 of the Complaint.

95.     Tradeco admits the allegations contained in Paragraph 95 of the Complaint.

96.     Tradeco denies the allegations contained in Paragraph 96 of the Complaint.

97.     Tradeco admits the allegations contained in Paragraph 97 of the Complaint.

98.     Tradeco admits the allegations in Paragraph 98 of the Complaint.

99.     Tradeco admits the allegations in Paragraph 99 of the Complaint.

100.    Tradeco admits the allegations in Paragraph 100 of the Complaint.

101.    Tradeco admits the allegations in Paragraph 101 of the Complaint.

102.    Tradeco admits the allegations in Paragraph 102 of the Complaint.

103.    Tradeco denies the allegations contained in Paragraph 103 of the Complaint.

104.    Tradeco denies the allegations in Paragraph [80] of the Complaint.

105.    Tradeco denies the allegations in Paragraph [81] of the Complaint.

106.    Tradeco admits the allegations in Paragraph [82] of the Complaint only to the extent that Tradeco owes a debt, but Tradeco denies the allegations in Paragraph [82] of the Complaint as to the "outstanding debt" in the amount Plaintiff has stated.

107.    Tradeco admits the allegations contained in Paragraph [83] of the Complaint.

108.     Paragraph [84] of the Complaint contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco denies the allegations contained in Paragraph [84].

109.     Paragraph [85] contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco denies the allegations in Paragraph [85] of the Complaint.

110.     Tradeco admits the allegations in Paragraph [86] of the Complaint.

111.     Tradeco admits the allegations in Paragraph [87] of the Complaint.

112.     Tradeco admits the allegations in Paragraph [88] of the Complaint, but makes this admission subject to its affirmative defenses and assertion of force majeure under the Charter Party Agreement.

113.     Paragraph [89] contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco denies the allegations in Paragraph [89] of the Complaint.

114.     Tradeco admits the allegations in Paragraph [90] to the extent it admits that the invoices listed are invoices submitted from Ranger to Tradeco under the Charter Party Agreement, and to the extent it admits that Paragraph [90] lists the payments made by Tradeco to Ranger.

## REQUEST FOR INTERIM RELIEF

115.     The sentence before Paragraph [91] contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco denies the allegations contained therein in that Tradeco denies that Ranger is entitled to attach property of both Tradeco

and Grupo Tradeco to secure payment for its claims.  Tradeco admits the substance of FED. R. CIV. PRO. SUPP. B(1)(a)-(c), as set forth in Paragraph [91] of the Complaint.

116.    Paragraph [92] of the Complaint contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

117.    Tradeco admits the allegations of Paragraph [93] of the Complaint.

118.    Tradeco admits the allegations of [94] of the Complaint to the extent that Tradeco is aware that Ranger is already pursuing contemporaneous proceedings in other districts against Tradeco.

119.    Paragraph [95] of the Complaint contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

120.    Tradeco admits the allegations of Paragraph [96] of the Complaint.

121.    Tradeco denies the allegations of Paragraph [97] of the Complaint.

122.    Tradeco denies the allegations of Paragraph [98] of the Complaint.

123.    Tradeco denies the allegations of Paragraph [99] of the Complaint.

CAUSES OF ACTION

124.    Tradeco admits the allegations of Paragraph [100] of the Complaint insofar as Ranger has already instituted an arbitration proceeding against Tradeco.  Tradeco denies the allegations of Paragraph [100] of the Complaint with respect to the allegations of "breaches of the Charter Party Agreement."

125.    Paragraph [101] of the Complaint contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco admits the allegations contained therein.

126.    Tradeco admits the allegations of Paragraph [102] of the Complaint only insofar as it admits that the wording of the Guarantee recited by Plaintiff is correct.

127.    Tradeco admits the allegations of Paragraph [103] of the Complaint.

128.    Tradeco admits the allegations of Paragraph [104] of the Complaint.

129.    Paragraph [105] of the Complaint contains legal conclusions to which Tradeco is not required to respond.  Alternatively, if such be necessary, Tradeco admits the allegations of Paragraph [105] insofar as it admits that, "Grupo Tradeco, as guarantor, steps into the shoes of Tradeco for purposes of the Charter Party Agreement."  Tradeco denies the allegations of Paragraph [105] insofar as it denies "[Tradeco's] breach."

130.    Tradeco admits the allegations of Paragraph [106] of the Complaint.

131.    Paragraph [107] of the Complaint contains legal conclusions to which Tradeco is not required to respond.

132.    Tradeco denies the allegations of Paragraph [108] of the Complaint.

133.    Tradeco denies the allegations of Paragraph [109] of the Complaint.

134.    Tradeco denies the allegations of Paragraph [110] of the Complaint to the extent that the Guaranteed Amount was not fully detailed as reflected in the Charter Party Guarantee.

135.    Paragraph [111] of the Complaint does not contain allegations to which a response from Tradeco is required.  Alternatively, if such be necessary, Tradeco denies the allegations of Paragraph [111] of the Complaint.

136.    Paragraph [112] of the Complaint does not contain allegations to which a response from Tradeco is required.  Alternatively, if such be necessary, Tradeco denies the allegations of Paragraph [112] of the Complaint.

137.    Tradeco admits the allegations in Paragraph [113] of the Complaint insofar as it admits that the quotation provided from the Charter Party Agreement is accurate.  Tradeco denies the allegations in Paragraph [113] of the Complaint insofar as it denies that amounts are owed under the Charter Party Agreement.

138.    Tradeco admits the allegations in Paragraph [114] of the Complaint insofar as it admits that Box 25 of the Charter Party Agreement states the interest rate as "8% APR."  Tradeco denies the allegations in Paragraph [114] of the Complaint insofar as it denies that such interest is owed under the Charter Party Agreement.

139.    Tradeco admits the allegations in Paragraph [115] of the Complaint insofar as it admits that the quotation provided from the Guarantee is accurate [115].  Tradeco denies the allegations in Paragraph [115] of the Complaint insofar as it denies that amounts are owed under the Guarantee.

140.    Tradeco admits the allegation of Paragraph [116] of the Complaint insofar as it admits that Box 7 of the Guarantee states that the "[r]ate of interest per annum" is "12%."  Tradeco denies the allegations in Paragraph [116] of the Complaint insofar as it denies that such interest is owed under the Guarantee.

141.    Tradeco denies that Plaintiff is entitled to the relief requested in the Prayer.

## II. AFFIRMATIVE DEFENSES

142.   Tradeco affirmatively asserts that claims brought by Plaintiff are properly the subject of binding arbitration as more fully asserted in Tradeco's Motion to Compel Arbitration.[5]

143.   Tradeco affirmatively asserts the defense of failure to mitigate damages.   On information and belief, during times from October 2014 through December 2014, Plaintiff failed to attempt and to place the vessel with other charterers.

144.   Tradeco affirmatively asserts the defense of failure of consideration.   The problems with the Vessel which led to PEMEX's refusal to accept the Vessel constitute a partial failure of consideration.

145.   Tradeco affirmatively asserts that the force majeure clause in the Charter Party Agreement, as set forth in Clause 32 of that document, precludes recovery against charterer Tradeco or guarantor Grupo.

146.   Tradeco affirmatively asserts that the M/V LEWEK TOUCAN was unseaworthy.

147.   Tradeco affirmatively asserts that Force Majeure events and/or conditions prevented performance under the Charter Party Agreement.[6]

### PRAYER

WHEREFORE, Defendant TRADECO INFRAESTRUCTURA, S.A. DE C.V. respectfully asks the Court to do the following:

a.   Render Judgment that Plaintiff take nothing;

b.   Dismiss Plaintiff's suit with prejudice;

c.   Assess costs against Plaintiff;

d.   Assess expert witness fees against Plaintiff;

---

[5] See Dkt. # 13.

[6] See Dkt. #1, Ex. A-1, Clause 32.

19

e.    Award Defendant Tradeco Infraestructura, S.A. de C.V. attorneys' fees; and

f.    Award Defendant Tradeco Infraestructura, S.A. de C.V. all other relief the Court

deems appropriate.

Respectfully submitted,

By:    */s/ Michael K. Bell*　　
       Michael K. Bell
       State Bar No. 02081200
       Federal I.D. No. 5085
       700 Louisiana, Suite 4000
       Houston, Texas 77002-2727
       Telephone:  (713) 402-7630
       Facsimile: (713) 228-6605
       *MBell@BlankRome.com*
       *Attorney in Charge for Defendant,*
       *Tradeco Infraestructura, S.A. de C.V.*

**OF COUNSEL:**
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
JHuffman@BlankRome.com
**BLANK ROME LLP**

Brent L. Vannoy
State Bar No. 00794782
Federal I.D. No. 20829
bvannoy@jdkglaw.com
**JOHNSON DELUCA KURISKY & GOULD, P.C.**
4 Houston Center
1221 Lamar Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served upon all counsel of record via the Court's electronic CM/ECF filing system and in accordance with the Federal Rules of Civil Procedure on this 8th day of April, 2015.

**VIA CM/ECF**
Brett J. Young
Elizabeth A. Gilman
K&L Gates, LLP
1000 Main Street, Suite 2550
Houston, Texas  77002


 /s/ Jay T. Huffman
Of Blank Rome LLP