UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V., <br><br> *Plaintiff*, <br><br> vs. <br><br> GRUPO TRADECO, S.A. DE C.V., TRADECO INFRAESTRUCTURA, S.A. DE C.V. <br><br> *Defendants*, <br> vs. <br><br> TRADECO INFRAESTRUCTURA, S.A. DE C.V., TRADECO INFRASTRUCTURE, INC., TRADECO INGENIERIA, S.A. DE C.V., INNOVACIONES TÉCHNICAS EN CIMENTACIÓN, S.A. DE C.V., TCO CONCRETE, INC., TEXAS DEPARTMENT OF TRANSPORTATION <br><br> *Garnishees*. | Case No.  4:15-cv-00635 <br><br> Admiralty |

**PLAINTIFF RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V.'S
REPLY TO DEFENDANT'S RESPONSE AND OBJECTIONS TO ITS
<u>APPLICATION FOR A SPECIAL PROCESS SERVER</u>**

Plaintiff Ranger Offshore Mexico, S. de R.L. de C.V. ("*Ranger*") files its Reply to Defendant Grupo Tradeco, S.A. de C.V.'s ("*Grupo Tradeco*") Response and Objections [Doc. 12] to its Application for Special Process Server [Doc. 5].[1]

---

[1] *See also* Document Nos. 1 (Plaintiff's Original Verified Complaint and Application for Interim Relief), 5-1 (Process of Maritime Attachment and Garnishment), 6 (Proposed Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Special Process Server), 7 (Attorney's Declaration that Defendant cannot be Found within the District).  In total, these documents support Ranger's request for maritime attachment under Rule B of the Supplemental Rules. *See* FED. R. CIV. PRO., SUPP. B.

**SUMMARY**

1.   This Court has the clear and express authority to attach Grupo Tradeco's assets within the Southern District of Texas District. *See* FED. R. CIV. PRO., SUPP. B.  Grupo Tradeco characterizes Ranger's request as "interference," which is unusually hostile from a party that refuses to pay its debts.  Of the overall debt owed to Ranger by Defendants[2], $4,618,008.15 is undisputed as due and owing.  Based on Grupo Tradeco's filings, it appears that Defendants are the ones who are intent on interfering with Ranger's ongoing business operations.  Ranger merely seeks to invoke the protection Congress provided to secure maritime debts.

2.   The parties agree Ranger is entitled to attach Grupo Tradeco's assets in the hands of Tradeco Infraestructura, S.A. de C.V., Tradeco Infrastructure, Inc., Tradeco Ingenieria, S.A. de C.V., Innovaciones Téchnicas en Cimentación, S.A. de C.V., and TCO Concrete, Inc.  Based on this acknowledgement, Ranger respectfully requests immediate entry of an ORDER for such process to issue.

3.   The Texas Department of Transportation ("*TxDOT*") is not a party to this action.  It has not even been provided notice of the underlying dispute.  Even though Grupo Tradeco filed an affidavit with the Court to support an argument that it has no interest with TxDOT, at the same time it attempts to assert immunity on TxDOT's behalf.  Grupo Tradeco cannot have it both ways.  The authority to assert immunity lies with TxDOT alone.   At a minimum, Ranger should be entitled to discover the location of the assets of the debtors through discovery, as expressly contemplated by the Federal Rules.  There is ample authority for this lawful request.

---

[2]   Defendant Grupo Tradeco and Defendant Tradeco Infraestructura, S.A. de C.V. ("*Tradeco*") are collectively "*Defendants*."

**ARGUMENT & AUTHORITY**

4. Upon an application under Rule B, "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." *See* FED. R. CIV. PRO., SUPP. B(1)(b). The Rule B process is mandatory if prerequisites are met.

5. Attachment serves two purposes: (1) securing the defendant's appearance and (2) assuring satisfaction in case the plaintiff's suit is successful.[3] *Heidmar, Inc. v Anomina Ravennate Di Armanento Sp.A. of Ravenna*, 132 F.3d 264, 268 (5th Cir. 1998) (citing *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.,* 339 U.S. 684, 693 (1950)). This relief is appropriately granted *ex parte*.[4] *See Heidmar, Inc.*, 132 F.3d at 266. Immediate relief is appropriate to prevent the transfer of assets to avoid attachment. The entire purpose of Rule B is frustrated if a responding defendant can delay entry of a court order.

6. As discussed below and established in its other filings before the Court [Docs. 1, 5, 5-1, 6, and 7], Ranger is entitled to attach the assets of Grupo Tradeco found within the Southern District of Texas. The chart below describes the relationship of the various entities to this matter:

---

[3] "An *in personam* admiralty or maritime claim is instituted by a complaint which may contain a prayer for process to attach the defendant's property found within the district. Whenever property is attached any person claiming an interest therein is entitled to a prompt hearing at which the plaintiff is required to furnish evidence supporting the attachment or other appropriate relief. It is sometimes inaccurately stated that the writ of attachment gives the district court *quasi-in-rem* jurisdiction over the defendant. A more precise understanding is that a good-faith allegation in the complaint that the *res* is present within the geographical jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res*. Attachment keeps the *res* within the jurisdiction and provides the basis for enforcement of a subsequently entered judgment." *Great Prize, S.A. v. Mariner Shipping Party, Ltd.*, 967 F.2d 157, 159-60 (5th Cir. 1992).

[4] Therefore, Grupo Tradeco was not entitled to be heard in advance of entry of an order. Nonetheless, both Defendants have appeared in this matter. [*See* Docs. 10, 14.] Therefore, any hesitation the Court may have had in granting this relief *ex parte* is allayed. (*See* Court's Procedure II(a).)

| Entity Name | Role in Case No. 4:15-cv-00635 | Role in the Underlying Dispute | Notes |
|---|---|---|---|
| Grupo Tradeco, S.A. de C.V. | Defendant | Parent company of Tradeco Infraestructura, S.A. de C.V. and executed Guarantee of the Charter Party Agreement. | Ranger seeks to attach the assets of Grupo Tradeco, S.A. de C.V. by this application under Rule B. [*See* Doc. 1.] |
| Tradeco Infraestructura, S.A. de C.V. | Defendant and Garnishee | Executed the Charter Party Agreement with Ranger. | Because Tradeco Infraestructura, S.A. de C.V. can be found within the Southern District of Texas, Ranger only seeks to attach the assets of Grupo Tradeco, S.A. de C.V. by this application under Rule B. [*See* Doc. 1.] |
| Tradeco Infrastructure, Inc. | Garnishee | None | This entity is an affiliate of Grupo Tradeco, S.A. de C.V. |
| Tradeco Ingenieria, S.A. de C.V. | Garnishee | None | This entity is an affiliate of Grupo Tradeco, S.A. de C.V. |
| Innovaciones Técnicas en Cimentación, S.A. de C.V. | Garnishee | None | This entity is an affiliate of Grupo Tradeco, S.A. de C.V. |
| TCO Concrete, Inc. | Garnishee | None | This entity is an affiliate of Grupo Tradeco, S.A. de C.V. |
| Texas Department of Transportation | Garnishee | None | Of the named Garnishees, Grupo Tradeco, S.A. de C.V. only disputes Ranger's Rule B remedies as to this entity. |

A.   **Ranger is entitled to <u>immediate</u> attachment as to Tradeco's named affiliates.**

7.   Ranger is entitled immediately to attach Grupo Tradeco's assets in the hands of the following garnishees[5]:

- Tradeco Infraestructura, S.A. de C.V.,
- Tradeco Infrastructure, Inc.,

---

[5] The term "garnishees" is used in Rule B to describe the individuals/entities who have assets eligible for attachment. However, this is a bit of a misnomer as Rule B provides "to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." *See* FED. R. CIV. PRO., SUPP. B(1)(a). Therefore, in spite of the terminology, Rule B does not permit (and Ranger does not request) garnishment of future accruing debt.

- Tradeco Ingenieria, S.A. de C.V.,
- Innovaciones Técnicas en Cimentación, S.A. de C.V., and
- TCO Concrete, Inc.

Grupo Tradeco concedes this entitlement.  [Doc. 12-1, at 2.][6]  Therefore, Ranger contemporaneously files a proposed order, with this Reply, providing for attachment as to these entities for entry by the Court in advance of consideration and determination of the other issues raised by Grupo Tradeco.

**B.     This Court should not prematurely dismiss the Texas Department of Transportation as a potential Garnishee.**

The application of Eleventh Amendment[7] immunity to a Rule B attachment of a garnishee/nonparty state agency is an issue of first impression.  This issue has not been squarely addressed by the U.S. Supreme Court or the Circuit Courts.[8]  A state agency may waive Eleventh Amendment protection from suit in federal court.  *See Walker v. Hitchcock Indep. Sch. Dist.*, 508 Fed. Appx. 314, 320 (5th Cir. 2013); *Faulk v. Union Pac. R. Co.,* 449 Fed. Appx. 357, 362 (5th Cir. 2011).

Here, it is an essential distinction that the proposed exercise of federal authority is only over the property of the debtor.  Ranger does <u>not</u> seek to attach property owned by the State of Texas.  One of the reasons states have immunity is to prevent the double payment of a debt at the expense of tax payers.  No such risk exists here.  Ranger only seeks the attachment of money that

---

[6] Interestingly, the proposed order [Doc. 12-1] filed by Grupo Tradeco makes no reference to the TxDOT. Instead, it is merely a narrower version of the proposed order filed by Ranger [Doc. 6].

[7] The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

[8] Grupo Tradeco's reliance on *Welch* is misplaced. *Welch* involved a Texas citizen who sued a political subdivision of the State for personal injuries occurring on a dock owned by the State. *Welch v. Texas Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 470-71 (1987).  This matter was a direct suit against the State for damages under the Jones Act and does not provide a categorical bar for all relief arising in admiralty.

TxDOT would pay Grupo Tradeco regardless of Ranger's application. That money should be paid, instead, to the registry of the Court. Thus, Grupo Tradeco's remedy is with the Court. If no property belonging to Grupo Tradeco exists in the hands of TxDOT, then the agency can so respond in its answers to interrogatories. There is zero affront to the sovereign posed by Ranger's Rule B filing.

  i.  *Grupo Tradeco cannot claim immunity on behalf of TxDOT.*

  8.  Grupo Tradeco loudly contends to have no direct interest related to TxDOT. [*See* Doc. 12 ("TxDOT does not have any contracts, accounts, or monies owed to Grupo.").] Nonetheless, Grupo Tradeco tries to simultaneously assert immunity on behalf of TxDOT. It cannot have it both ways. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

  9.  A party only has standing if it has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult ... questions." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007). To meet the constitutional standing requirements, (1) the plaintiff must have suffered an "injury in fact," defined as an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

10. Grupo Tradeco does not have standing to assert Eleventh Amendment protection on behalf of TxDOT. [9] It admittedly has no "personal stake" in the outcome--a requirement to establish standing. *See Texas v. United States*, 497 F.3d at 496. Further, Grupo Tradeco has not suffered an "injury in fact" by virtue of Ranger's request. *See Lujan*, 504 U.S. at 560–61. If Grupo Tradeco's characterization of the facts is true (including the affidavit), upon issuance of process to TxDOT, no legal impact would follow. This is exactly the type of "conjectural" invasion that the doctrine seeks to avoid. *See Lujan*, 504 U.S. at 560–61. Therefore, should TxDOT invoke its protections under the Eleventh Amendment, Ranger will address these issues at that time.

    ii.    *Ranger is entitled to expedited discovery as to TxDOT.*

11. Defendants owe Ranger a principal debt of **$19,958,319.04**. Ranger is entitled to attach Grupo Tradeco's assets in the Southern District of Texas up to this amount. *See* FED. R. CIV. PRO., SUPP. B. Therefore, Ranger is entitled to determine the location of any assets.[10]

12. Discovery requests to a nonparty state agency like TxDOT do not infringe on a State's autonomy or threaten its treasury. *In re Missouri Dept. of Natural Res.*, 105 F.3d 434, 436 (8th Cir. 1997). "Governmental units are subject to the same discovery rules as other persons and

---

[9] In support of its argument for standing, Grupo Tradeco cites *Addison v. Addison*, 530 S.W.2d 920 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ). In *Addison*, the plaintiff sought to garnish the wages of her former husband from his employer, Texas Southern University, to fulfill obligations arising from their divorce proceeding. *Id.* at 920. Texas Southern University did not participate in the suit but the defendant was permitted to raise the immunity argument on its behalf. *Id.* at 920-21. However, the defendant had a direct interest in the money the plaintiff sought.

[10] In passing, Grupo Tradeco cites precedent of the Texas Supreme Court to support its challenge to TxDOT as a garnishee. [Doc. 12, at 4.] However, in Texas, political subdivisions of the State are not wholly exempt from paying valid judgments. Instead of execution or garnishment, the Texas courts permit a writ of mandamus to be issued to cause the subdivision to levy and collect taxes in an amount to satisfy the debt. *Harris County v. Walsweer*, 930 S.W.2d 659, 668 (Tex. App.—Houston [1st Dist.] 1996), writ denied (Oct. 9, 1997). To the contrary, Ranger only seeks to collect any of Grupo Tradeco's assets currently in the hands of TxDOT.

entities having contact with the federal courts." *Id.* (citing *United States v. Procter & Gamble*, 356 U.S. 677, 681, (1958)). "**There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court.**" *In re Missouri Dept. of Natural Res.*, 105 F.3d at 436 (emphasis added). *See also Barnes v. Black*, 544 F.3d 807, 812 (7th Cir. 2008); *Ali v. Carnegie Inst. of Washington*, CV 13-2030(RC), 2014 WL 4260995, at *6 (D.D.C. Aug. 29, 2014) ("Eleventh Amendment sovereign immunity does not protect *non-party* state entities from responding to [third-party] discovery requests.") (quoting *Arista Records LLC v. Does 1–14*, No. 7:08cv205, 2008 WL 5350246, at *4 (W.D.Va. Dec. 22, 2008)). Therefore, at a minimum, Ranger is entitled to issue discovery as to TxDOT.

### C. Ranger's proposed order is appropriate and should be entered.

13. Grupo Tradeco's challenges to the form of Ranger's proposed order are unavailing. For starters, Grupo Tradeco finds the U.S. District for the Southern District of New York's precedent instructive on admiralty law, Rule B, and the scope of such orders. That very Court entered an order with virtually the same language (garnishees located in the Southern District of New York) on March 11, 2015, in favor of Ranger.[11]

14. Second, Ranger only seeks to attach assets up to the amount of the principal debt. This is a conservative amount considering its entitlement to interest, attorney fees, and other contractually permitted expenses.

15. Third, Ranger does not seek to attach the assets of affiliates of Grupo Tradeco or the proposed garnishees under a theory of alter ego. In this proceeding, Ranger only seeks to

---

[11] A true and correct copy of the Order Directing Clerk to Issue Maritime Attachment and Garnishment and Appointing Process Server, dated March 11, 2015, from Cause No. 15-CV-01806; *Ranger Offshore Mexico, S. de R.L. de C.V. v. Grupo Tradeco, S.A. de C.V., Tradeco Infraestructura, S.A. de C.V.*; in the U.S. District Court for the Southern District of New York is attached hereto as "*Exhibit A.*"

attach the assets of Grupo Tradeco in the hands of named and future unnamed garnishees. Ranger's proposed order is appropriately limited. [Doc. 6.]

16. Finally, Ranger's proposed order also contains an appropriate time constraint for discovery and addition of unnamed garnishees during "the course of this litigation." Therefore, Ranger respectfully requests immediate entry of its proposed ORDER.

### CONCLUSION

Based on the foregoing, Plaintiff Ranger Offshore Mexico, S. de R.L. de C.V. ("*Ranger*") respectfully requests this Court **(1)** immediately enter the proposed order filed contemporaneously with this pleading ordering issuance of maritime attachment and garnishment as to the undisputed garnishees.

Ranger also respectfully requests, after due consideration, this Court **(2)** enter an order overruling Defendant Grupo Tradeco, S.A. de C.V.'s ("*Grupo Tradeco's*") objections to its Application for a Special Process Server [Doc. 5] and deny all other relief sought in Grupo Tradeco's Response [Doc. 12.] and **(3)** enter the proposed order filed contemporaneously with this pleading ordering issuance of maritime attachment and garnishment as to the Texas Department of Transportation ("*TxDOT*") and unnamed garnishees.

**In the alternative to (2) and (3),** Ranger requests this Court issue an order permitting it to send expedited discovery requests to TxDOT for the purpose of locating the assets of the debtors. Ranger also requests all such other and further relief as it may lawfully be entitled.

Respectfully submitted,

/s/ Brett J. Young
Brett J. Young, Attorney in Charge
State Bar No. 24042203
SDOT: 566989
1000 Main Street, Suite 2550
Houston, Texas  77002
713/815-7300 (Telephone)
713/815-7301 (Facsimile)
brett.young@klgates.com

Of Counsel:
Elizabeth A. Gilman
State Bar No. 24069265
SDOT:  006637
beth.gilman@klgates.com

K&L Gates, LLP
1000 Main Street, Suite 2550
Houston, Texas  77002
713/815-7300 (Telephone)
713/815-7301 (Facsimile)

ATTORNEYS FOR PLAINTIFF
**RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this 10th day of April 2015 pursuant to Federal Rule of Civil Procedure 5 and Local Rule 5, as follows:

*Via CM/ECF System*
Michael Bell
Jay T. Huffman
Blank Rome LLP
700 Louisiana Street, Suite 4000
Houston, Texas  77002-2727
Tel 713.402.7630
Fax 713.228.6605

*Via CM/ECF System*
Brent Vannoy
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
Tel 713.652.2525
Fax 713.652.5130

                                              /s/ Brett J. Young
                                              Brett J. Young