# EXHIBIT A-3

Explanatory Notes for the BIMCO Charter Party Guarantee are available at www.bimco.org

## BIMCO

## CHARTER PARTY GUARANTEE
CHARTERERS' GUARANTEE OF SUMS PAYABLE AND LIABILITIES UNDER TIME CHARTER PARTY

| 1. Place and date of guarantee<br>Houston, Texas<br>May 27, 2014 | 2. Date of charter party<br>January 31, 2014 | |
|---|---|---|
| 3. Guarantor (Cl. 1)<br><br>(i) Name of Guarantor:<br>Grupo Tradeco, S.A. de C.V.<br><br>(ii) Address of registered office:<br>Insurgentes Sur #1647<br>Col. San Jose Insurgentes<br>Delegacion Benito Juarez<br>Distrito Federal, Mexico<br>C.P. 03900<br><br>(iii) Country of Incorporation:<br>Mexico | 4. Owners (Cl. 1)<br><br>(i) Name of Owners:<br>Ranger Offshore Mexico, S. de R.L. de C.V.<br><br>(ii) Address of registered office:<br>Ave. Edna 49A Parque Ind. Mundo Maya, Cuidad del Carmen, Campeche C.P. 24153 Mexico<br><br>(iii) Country of incorporation:<br>Mexico | 5. Charterers (Cl. 1)<br><br>(i) Name of Charterers:<br>Tradeco Infraestructura, S.A. de C.V.<br><br>(ii) Address of registered office:<br>Insurgentes Sur #1647<br>Col. San Jose Insurgentes<br>Delegacion Benito Juarez<br>Distrito Federal, Mexico<br>C.P. 03900<br><br>(iii) Country of incorporation:<br>Mexico |
| 6. Vessel's name (Cl. 1)<br>MV Lewek Toucan | 7. Rate of Interest per annum (Cl. 2(a))<br>12% | 8. Maximum liability (state amount) (Cl. 2(e))<br>(if this Box is left blank, unlimited liability shall apply)<br>This Box left blank. |
| 9. Guarantors' liability period (state number of months; if left blank, twelve (12) months after redelivery shall apply) (Cl. 3(c))<br>This Box left blank. | 10. Governing law (Cl. 11(a))<br>Texas Law | 11. Exclusive jurisdiction (Cl. 11(b))<br>Houston, Texas for jurisdiction and venue. |

1  1.  **Definitions**
2  "Charter Party" means the charter party dated as per Box 2, including any amendment thereto.

3  "Charterers" means the party stated in Box 5.

4  "Demand" means a Demand for payment under this Guarantee made in accordance with Clause 6 (Demands for
5  Payment).

6  "Guarantee" means this document and is made on the date and at the place stated in Box 1.

7  "Guarantor" means the party stated in Box 3.

8  "Guaranteed Amount(s)" means any:

9  (a) sum or sums due from the Charterers to the Owners under or in connection with the Charter Party, including
10  any recoverable costs and expenses that may be incurred by the Owners in enforcing any of their rights under or in
11  connection with the Charter Party, whether in legal proceedings or otherwise; and

12  (b) any liability on the part of the Owners to pay the cost of bunkers, port charges, stevedoring costs or any other
13  costs arising during the course of the Charter Party which would properly be the responsibility of the Charterers.

14  "Owners" means the owners/disponent owners stated in Box 4.

15  "Vessel" means the vessel named in Box 6.

16  2.  **Guarantee**
17  (a) In consideration of the Owners agreeing to charter the Vessel to the Charterers and accepting this Guarantee
18  as security for the payment by the Charterers of sums due under this Charter Party and for other good and valuable

This document is a computer generated BIMCO Charter Party Guarantee printed by authority of BIMCO. Any insertion or deletion to the Guarantee must be clearly visible. In the event of any modification made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

tradeco 000493

consideration expressly acknowledged, and subject only to Sub-clause 2(b) below, the Guarantor hereby unconditionally and irrevocably guarantees (as primary obligor and not by way of secondary liability only) to pay any Guaranteed Amount within ten (10) banking days (in the Guarantor's country of residence) following a Demand, together with interest at the rate as stated in Box 7 per annum from the due date for payment by the Charterers to the date of payment by the Guarantor.

(b) If within ten (10) banking days after receipt of a Demand the Guarantor receives (i) a copy of the written notice of a disputed invoice from the Charterers that was timely presented to Owners in strict compliance with Clause 12 (e) of the Charter Party stating that they dispute the Owners' claim for the Guaranteed Amount and (ii) evidence that the matter has been referred to court or arbitration (as may be applicable) under the Charter Party then the Guarantor shall not be obliged to make any payment under this Guarantee until the latest of thirty (30) days after the dispute has been finally determined, whether by way of agreement, or by way of final unappealable arbitration award (including an interim or partial award) or court judgment, in each case following the exhaustion of any appeal process therefrom. The Guarantor shall immediately provide the Owners with a copy of the written notice and the evidence of referral of the matter to court or arbitration. Nothing in this paragraph will relieve Guarantor of paying any Guaranteed Amount within five (5) banking days as prescribed in Sub-clause 2(a) above if Charterer fails to timely present to Owners a written notice of a disputed invoice in strict compliance with Clause 12(e) of the Charter Party.

(c) The Guaranteed Amount, as may be varied by an award, judgment or agreement, shall be paid immediately following the issue of such award or judgment obtained in accordance with Sub-clause (b) above, or conclusion of such agreement.

(d) The Guarantor's undertaking in Sub-clause (a) above will remain effective notwithstanding that the Charterers' obligations are or become unenforceable for any reason whatsoever.

(e) If the parties to this Guarantee have agreed a maximum liability figure as stated in Box 8 this figure shall be the maximum total liability of the Guarantor, whether one or more Guaranteed Amounts are payable, pursuant to Sub-clause 2(a) above.

3. **Continuing Nature of Guarantee**
(a) This Guarantee shall not be affected by any indulgence or delay allowed to the Charterers nor by any amendment to, or variation of, the Charter Party whether as to time or otherwise that may be agreed between the Owners and the Charterers nor by any circumstances that would otherwise discharge the Guarantor's liability under this guarantee.

(b) The Guarantor's liability under this Guarantee shall not be discharged in whole or in part or otherwise be affected in any way by reason of the bankruptcy, insolvency, liquidation, dissolution, amalgamation, reconstruction or reorganisation of the Charterers or the appointment of a receiver, administrative receiver or administrator of any of the Charterers' assets (or the equivalent of any such matters occurring in any other jurisdiction).

(c) The Guarantor's liability under this Guarantee shall continue until such time as all obligations of the Charterers under the Charter Party have been fully performed subject to the condition that any demand on the Guarantor under the Guarantee shall be made within the number of months stated in Box 9 or, if left blank, twelve (12) months of redelivery of the Vessel to the Owners unless and to the extent that proceedings have been commenced in accordance with Sub-clause 2(b), in which case the Guarantee shall continue for forty-five (45) days from the date of final agreement between the Owners and the Charterers, or the publication of a final unappealable judgment or arbitration award pursuant to the Charter Party.

(d) The Guarantor's liability hereunder is continuing and shall not be discharged or satisfied by any one Demand. For the avoidance of doubt the Owners shall be entitled to make multiple Demands.

4. **No Deduction or withholding**
All sums payable by the Guarantor under this Guarantee shall be paid to such account as the Owners shall specify free and clear of set-off or counterclaim or any other deduction or withholdings whatsoever.

5. **Owners' rights, powers and remedies**
The Owners shall not be obliged before exercising any of the rights, powers or remedies conferred upon them under this Guarantee or by law to:

(a) make any demand of the Charterers;

(b) take any action or obtain judgment in any court against the Charterers;

(c) make or file any claim or proof in a winding-up, liquidation, entering into administration or dissolution of the Charterers; or

(d) enforce or seek to enforce any other security taken in respect of the Charter Party.



2

This document is a computer generated BIMCO Charter Party Guarantee printed by authority of BIMCO. Any insertion or deletion to the Guarantee must be clearly visible. In the event of any modification made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

tradeco 000494

| | | |
|---|---|---|
| 73 | 6. | **Demands for Payment** |
| 74 | | (a) All Demands under this Guarantee shall be in writing and shall include a statement of the Guaranteed Amount |
| 75 | | or other amount claimed and to what it relates. Demands shall be sent to the address for the Guarantor stated in |
| 76 | | Box 3 and may be sent by any effective means including, but not limited to, facsimile, e-mail, registered or recorded |
| 77 | | mail, or by personal service. |
| 78 | | (b) Any Demand sent shall be deemed to have been received: |
| 79 | | (i) if posted, on the seventh (7th) day after posting; |
| 80 | | (ii) if sent by facsimile or electronically, on the day of transmission; and |
| 81 | | (iii) if delivered by hand, on the day of delivery. |
| 82 | | And in each case proof of posting, handing in or transmission shall be sufficient for the purposes of this Clause. |
| 83 | 7. | **Costs, charges and expenses** |
| 84 | | The Guarantor agrees that it will reimburse the Owners on demand for all costs, charges and expenses incurred by |
| 85 | | the Owners in maintaining, exercising or enforcing any of their rights or powers under the Guarantee. |
| 86 | 8. | **Modification** |
| 87 | | Neither this Guarantee nor any terms hereof may be amended, waived, discharged or terminated other than by |
| 88 | | instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination |
| 89 | | is sought. |
| 90 | 9. | **Assignment and Successors** |
| 91 | | The Owners shall be entitled, at their sole discretion, to transfer to any party by way of assignment all their rights |
| 92 | | under this Guarantee and this right of assignment shall extend also to any assignee or subsequent assignee. The |
| 93 | | Guarantor may not assign, charge or transfer any of its rights or obligations under this Guarantee without the prior |
| 94 | | written consent of the Owner. |
| 95 | 10. | **Representations and Warranties** |
| 96 | | The Guarantor hereby warrants to the Owners that it has all the corporate powers, and has taken all necessary |
| 97 | | corporate, administrative or other steps (including registration of the Guarantee, where appropriate), to enable it to |
| 98 | | execute, deliver and perform this Guarantee, and that this Guarantee constitutes valid and binding obligations of |
| 99 | | the Guarantor. |
| 100 | 11. | **Governing Law and Jurisdiction and Venue** |
| 101 | | (a) The construction, validity and performance of this Guarantee shall be governed by and construed in accordance |
| 102 | | with the law of the country stated in Box 10. If Box 10 is blank then English law shall apply. |
| 103 | | (b) The parties irrevocably submit to the exclusive jurisdiction and venue stated in Box 11. If Box 11 is left blank |
| 104 | | then the exclusive jurisdiction of the English Courts shall apply. |
| 105 | | IN WITNESS whereof the Guarantor has executed and delivered this Guarantee as of the date set forth in Box 1. |
| 106 | | SIGNED by _____ |
| 107 | | Authorised Director           *David Espinosa Guzmán,* |
| 108 | | For and on behalf of the Guarantor |
| 109 | | SIGNED by _____ |
| 110 | | Authorised Director |
| 111 | | *For and on behalf of the Owners* |

3
This document is a computer generated BIMCO Charter Party Guarantee printed by authority of BIMCO. Any insertion or deletion to the Guarantee must be clearly visible. In the event of any modification made to the pre-printed text of this document which is not clearly visible, the text of the original BIMCO approved document shall apply. BIMCO assumes no responsibility for any loss, damage or expense as a result of discrepancies between the original BIMCO approved document and this computer generated document.

tradeco 000495