# EXHIBIT A-5

# Houston Maritime Arbitrators Association

In the Matter of

<u>Ranger Offshore Mexico, S. DE R.L. DE C.V.</u>

vs.

<u>Tradeco Infraestructura, S.A. DE C.V. and Grupo Tradeco, S.A. DE C.V.</u>

## FINAL AWARD

### AFFIRMATION BY THE ARBITRATORS

WE, the undersigned Arbitrators, having been appointed in accordance with the arbitration provisions of the agreements executed by the Parties and the applicable Rules of the Houston Maritime Arbitrators Association, and having been duly sworn, do hereby AFFIRM that we have reviewed and studied the written submissions and Exhibits of the Parties, represented through their counsel, and having duly heard the allegations and proof offered by the Parties in the course of hearings conducted to

1

receive testimony in respect thereof, **DO HEREBY ORDER, ADJUDGE AND AWARD** as follows:[1]

## JURISDICTION

On January 31, 2014, Ranger Offshore Mexico, S. de R.L. de C.V. ("Ranger") and Tradeco Infraestructura, S.A. de C.V. ("Tradeco") entered into a modified BIMCO Time Charter Party for Offshore Service Vessels (Code Name: Supplytime 2005). Clause 34 of the Time Charter Party contains in Exhibit A-1 an arbitration clause (the "Clause") providing for arbitration in Houston under the Rules of the Houston Maritime Arbitrators Association. The Clause provides, inter alia:

> "...any and all differences and disputes of whatsoever nature arising out of this contract shall be put to arbitration in the city of Houston, Texas pursuant to the Maritime Laws of the United States, the Federal Arbitration Act and the Rules of the Houston Maritime Arbitrators Association, before a panel of three persons, consisting of one arbitrator appointed by each of the parties hereto and the third by the two so chosen. ..."

On March 12, 2015, Ranger instituted the present proceedings against Tradeco on the basis of the Clause. In submissions including, without limitation, an amended statement of defense and counterclaim served on September 11, 2015, Grupo Tradeco, S.A. de C.V. ("Grupo") agreed to participate in these proceedings as a Co-Respondent / Co-Counterclaimant.

Grupo has not challenged the validity or effect of any activity undertaken in this arbitration prior to its agreement to participate in it.

No party participating in these proceedings has contested the validity of the Clause or challenged the ability of the Tribunal to proceed pursuant to it.

## BRIEF PROCEDURAL HISTORY

The commencement date of this arbitration (date of service of the notice) was March 12, 2015. The rules applied to the proceeding were those promulgated by the Houston Maritime Arbitrators Association as amended by specific consent of the parties,

---

[1] All interlocutory rulings and orders made during the course of this arbitration, together with the PARTIAL FINAL AWARD produced by the Tribunal on September 30, 2016 are incorporated herein and by this reference made a part of the FINAL AWARD

2

including certain supplemental procedural rules adopted by agreed order on July 24, 2015.

Following fourteen months of preparation, hearings were conducted over a nine-day period, commencing May 23rd and ending June 1st, 2016 (excluding Memorial Day weekend) at which the testimony of thirteen individuals was received under oath. At the conclusion of these proceedings, the matter was submitted to the Tribunal for consideration, save and except for two specified issues; (a) those relating to tax under Mexican law that might result in an adjustment to an award made to any party, and (b) whether there should be attorney's fees and costs assessed against any one or more parties in favor of any other. These were termed, "the Bifurcated Issues".

On September 30, 2016, the Tribunal issued its PARTIAL FINAL AWARD, hereby incorporated by reference, and summarized as follows:

|  | Principal | Interest at 8% (as of 30-Sept-16) | Interest at 12% (as of 30-Sept-16) |
|---|---|---|---|
| Pre-suspension damages | $4,158,846.52 | $655,148.17 | $982,722.25 |
| Post-suspension through Oct. 31, 2014 | $9,087,910.89 | $1,401,970.89 | $2,102,956.33 |
| Post-suspension through Dec. 25, 2014 | $1,030,422.70 | $157,414.71 | $236,122.07 |
| Total: | **$14,277,180.11** | **$2,214,533.77** | **$3,321,800.65** |

Interest on the USD 14,277,180.11 after September 30, 2016, accrues at the daily rate of $3,129.24 for the 8% rate and $4,693.87 for the 12% rate.

On October 24, 2016, the parties agreed to a briefing schedule to resolve the Bifurcated Issues. Claimant filed its motion for an award of fees and costs, supported by a brief regarding Mexican value added tax, on November 2, 2016.

A joint recommendation to amend and enlarge the time to submit opposing arguments and authorities was sought and granted on November 18, 2016. This was followed by the Respondents' responsive pleadings on November 21, 2016.

Claimant's reply to Respondents' response was filed December 1, 2016.

While not initially contemplated by the briefing schedule, Respondents requested and were allowed to submit a sur-reply on December 12, 2016.

On December 23, 2016, the parties agreed that the deadline for the Tribunal to issue this Final Award would be January 30, 2017.

## CONTENTS OF THIS FINAL AWARD

This Final Award contains a disposition of the Bifurcated Issues, except for Mexican VAT. In pleadings, the Tribunal was advised that the question of whether Mexican VAT laws require a reduction of amounts previously awarded on September 30, 2016 has been resolved by the parties through direct exchanges; therefore, no Tribunal ruling on it was necessary.

## SUMMARY OF REMAINING CLAIM AND DEFENSES

### Claimant

Claimant argues it should be reimbursed its fees and legal expenses pursuant to specific terms contained in the Charter Party, Amendment thereto, and Guarantee, invoking Rule 8.3 (b) of the Houston Maritime Arbitrators Association ("HMAA") as a source for the request. Additional relief is sought in the form of a declaration "...that the Guarantee [in the amendment] entitles Ranger to recover its enforcement costs in any subsequent proceedings."

The following chart summarizes the fees and costs requested by Claimant in its motion, as amended on December 1, 2016:

| Vendor | Total Billed |
|---|---|
| **Attorney Fees** | |
| K&L Gates LLP | $1,625,170.35 |
| Gardere Wynne Sewell LLP | $29,007.80 |
| Garza Tello y Asociados SC | $16,032.36 |
| Morales Banuet & Asociados SC | $24,800.00 |
| Holman Fenwick Willan | $19,712.81 |
| **Consultant and Investigation Costs** | |
| Eddie Moses - Consulting Fees | $325,000.00 |
| Eddie Moses - Expenses | $76,817.34 |
| Albright Stonebridge Group | $164,127.12 |
| Control Risks | $13,514.41 |
| Phoenix Investigations, Inc. | $990.00 |
| **Other Arbitration Expenses** | |
| Arbitrator Fees and Expenses | $172,923.15 |
| LOC Marine & Engineering Consultants | $55,652.05 |
| CarlockDesign | $27,685.00 |

| Depo Texas | $12,124.77 |
|---|---|
| Kim Tindall & Associates, LLC | $250.00 |
| U.S. Legal Support | $1,269.34 |
| Consortra Translations - Translation Costs | $12,953.34 |
| Consortra Translations - Interpreter Fees | $8,075.00 |
| Veritext Legal Solutions - Court Reporting Fee | $612.47 |
| Veritext Legal Solutions - Certified Hearing Transcripts | $15,898.88 |

**TOTAL    $2,602,616.19**

## Respondents

Respondents contend any award of attorneys' fees and costs is discretionary and the burden of proving they are reasonable and necessary falls upon the party seeking them. They object to specific components and items within Claimant's list of fees and costs incurred on the grounds they are not reasonable, necessary or are otherwise not recoverable. The objections encompass:

1. Garnishment actions undertaken before the arbitration commenced;
2. Fees for consultants retained in relation to pre-arbitration mediation efforts;
3. Fees (including a "performance" agreement) that are "vague and ambiguous";
4. Fees of a consultant to aid "in negotiations with Tradeco";
5. Fees arising from activities prior to an "arbitral default";
6. The then past due fees and costs that were not included within the Charter Amendment's definition of restructured debt and that are therefore now barred from recovery because all outstanding disputes were resolved by the adoption of that amendment;
7. Fees Claimant seeks which are unreasonable for a variety of reasons, including duplicative and excessive time spent, rates charged, duties assigned, vague descriptions of services rendered, non-legal work performed and billing for travel, among other assertions.

## DISCUSSION AND ANALYSIS

### Source and Scope of Tribunal authority to award fees and costs

**1. HMAA rule 8.3**

5

The parties are in agreement that an award of attorney's fees is permitted by the Charter Party under appropriate circumstances but their views diverge to some extent from that point forward. Claimant relies also on HMAA rule 8.3 as the Tribunal's grant of authority to make such an award. The rule states, in pertinent part:

**"8.3 Scope**
*If in the judgment of the Arbitrator, justice and equity require, in addition to or in the place of an award of damages, the granting of certain remedies or relief, including, but not limited to the remedy of specific performance, the Award may so provide.*
............

*(b) If provided by any applicable agreement between the parties or by any applicable statute, the Arbitrator should award reasonable attorney's fees and legal expenses to any party so entitled. These Rules do not create an independent basis to award attorney's fees."*


Clearly, under rule 8.3, the Tribunal can exercise its best judgment in deciding whether to award fees and costs. However, it can only award them if a substantive, independent, legal provision is found in an "applicable agreement...or statute" to which the parties are bound that grants authority to the tribunal to allocate fees and costs. Contrary to Claimant's characterization, the Tribunal does not consider that the phrase "...should award..." in rule 8.3 equates to a mandate to award reasonable fees and costs. Instead, the Tribunal must look for any separate provision or agreement empowering the Tribunal to allocate fees and costs, and if such provision is found, apply the standard in rule 8.3 (and in particular the requirement that they be reasonable) to allocate them.


## 2. <u>Clause 39 of the Time Charter</u>

In this matter, the core provisions governing issues relating to the recoverability of fees and costs are found in Clause 39 of the Time Charter and Clause 1(a) of the Guarantee. Clause 39 reads in pertinent part:


*"...The Arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgement may be entered upon any award made hereunder in any Court having jurisdiction in the premises."*


Clause 39 (Exhibit H-26) was a part of the original Charter Party, signed by Ranger as demise "owner" and Tradeco as charterer, on January 31, 2014. It contains the above cited provision, dealing with "costs" and "...a reasonable allowance for attorney's

6

fees..." This language is discretionary, not mandatory, and the standard for assessing whether an award should be made is nearly identical to that found in HMAA rule 8.3. (just and equitable vs. justice and equity),

### 3. Clauses 1(a), 2 and 7 of the Charter Party Guarantee

The Time Charter Guarantee was signed by Grupo, parent company of Tradeco, on May 27, 2014. Recoverable costs are mentioned in Clause 1(a) under the definition of "Guaranteed Amount(s)", in pertinent part, as follows:

*"Guaranteed Amount(s) means any*

> *(a) Sum or sums due from the Charterers to the Owners under or in connection with the Charter Party, including any recoverable costs and expenses that may be incurred by the owners in enforcing any of their rights under or in connection with the Charter Party, whether in legal proceedings or otherwise...."*

The "Guaranteed Amount", which by definition includes "any recoverable costs and expenses", is the subject of Clause 2 which reads

*"...Guarantor hereby unconditionally and irrevocably guarantees (as primary obligor and not by way of secondary liability only) to pay any Guaranteed Amount..."*

Clause 7 states:

*"The Guarantor agrees that it will reimburse the Owners on demand for all costs, charges and expenses incurred by the Owners in maintaining, exercising or enforcing any of their rights or powers under the Guarantee."*

The Charter Party Guarantee is an explicit legal undertaking expressed in unambiguous terms. It is an applicable agreement between the contracting parties and as such, constitutes an independent legal basis to award fees and costs mentioned in HMAA rule 8.3. This is not to suggest the Tribunal would be without authority to award fees and costs under the Charter Party itself in the interest of justice and equity, only that the Guarantee mandates doing so in respect of the parties so bound, subject always to reasonable parameters of relevancy.

### Calculating Allowable Fees and Costs

7

The Tribunal is unanimous in its view that an award of reasonable attorney's fees and costs is warranted in this matter. This conclusion is supported by the aforesaid sources and underscored by the efforts of counsel in presenting for adjudication a complicated dispute arising from commercial activity that lead to considerable financial losses for all the parties involved. That effort, over a period of years together with the large sums involved, justify a recovery of reasonable fees and costs expended by the prevailing party.[2]

The starting point in calculating an award is the amended outline of fees and costs submitted by Claimant, as set forth above. These amounts were challenged by Respondents in their response and sur-reply. Claimant offered several adjustments as a compromise, one of which was accepted, but leaving the remaining difference of opinion as to what should be awarded for the Panel's decision.

For the purposes of this motion, claimed costs and fees have been broadly divided into three categories; attorney fees ($1,714,723.20), consulting/investigation costs ($580,448.87) and direct (termed "other") arbitration expenses ($307,444.00).

### 1. **Attorney fees**

The attorney fee component is spread over five different law firms, two American, two Mexican and one British, representing just under two thirds of the total amount for which a reimbursement award is demanded. About 95% of the legal fees incurred by Ranger was attributable to work performed by K&L Gates LLP. Respondents have raised multiple issues dealing with the actual and presumed billing rates charged, alleged duplicative activity and unnecessary work performed, incomplete or vague time entries and billing for travel associated with a K&L partner whose specialty is Admiralty but whose office is in South Carolina. In response, Claimant supplied detailed data to justify

---

[2] The Tribunal, as a general matter, is not specifically empowered, nor does it consider it appropriate, to confer a right upon any party to recover fees and costs that might be incurred arising from efforts to enforce this arbitral award. Those sums would be in the nature of future damages that are only speculative at present and eventually incurred after this Tribunal becomes functus. The appropriate authority for relief of that character likely would be a court or tribunal of competent jurisdiction entertaining any such claim. Further, the Tribunal takes note of the parties' arguments concerning both 9 USC, sec. 8, dealing with the recovery of pre-arbitral fees and costs in maritime proceedings involving garnishment and, more broadly, the Tribunal's ability to treat these sums as recoverable costs in this proceeding. Generally, the Tribunal considers allowable costs as those to be awarded only if they are reasonable and directly related to issues addressed in an arbitration where all the parties have accepted jurisdiction and participated by mutual agreement.

its submission, including the remark, supported by sworn statement, that over $200,000 of "write off" billing had already been deducted from the total bill, thereby lowering it by 11.6% of the actual fees accrued.

Respondents also raise three other points in respect of attorney fees; the first is that those relating to unsuccessful Federal Court garnishment actions in several courts that pre-dated this arbitration should not be included as part of any award, the second challenges the fees of Mexican counsel because they are vaguely defined or deficient and the third argues in favor of excluding all fees generated before July 31, 2014. That date is when the Charter Party Amendment was effected.

The Tribunal has reviewed the extensive and detailed supporting documentation provided by the Claimant and has made every effort to seek a fair and equitable assessment of the value of services rendered, measured against the complexity of issues presented, billing rates, staffing, the reasonableness of fees charged, and considering the results achieved. It concludes:

All the attorney fees and costs are reasonable and should be awarded save and except certain discrete items properly noted by counsel for Respondents, a portion thereof conceded as reasonable by Claimant, in the amount of $252,807.69 which will be deducted from the total. This leaves a principal, recoverable sum of **$1,461,915. 60**

### 2. Consultant and Investigation costs

The Tribunal has no reason to doubt the value of work performed by the consultants retained to assist Claimant and its parent corporation in advancing their commercial interests and seeking payment of past due amounts from Respondents. The difficulty in assessing an allowable sum for these services as part of any award stems from the mixed nature of those efforts and whether they all arose in support of "enforcing rights under or in connection with the Charter Party". At least some portion of the research, investigation and advice appear to be peripheral to the resolution of claims here. The burden of finding a nexus between what was done and what was directly relevant and therefore recoverable falls upon the Claimant.

The efforts of Mr. Eddie Moses, a consultant for Claimant and its parent corporation with long standing ties to Mexican business entities, generated fees and costs that exceeded $400,000, nearly 70% of the total spent in this category. Not all of this substantial amount can be reasonably attributed to consulting work in direct support of the arbitration. Likewise, some of the attorney fees of secondary level counsel are more properly characterized as consulting or background support and they too are subject to reduction because of their tenuous relationship to issues addressed by the arbitration.

A question has also arisen regarding whether Ranger can recover a "cost" which was admittedly satisfied by its parent, Ranger Offshore, Inc.; in this case, $164,127.12 for Albright Stonebridge Group. This item is not recoverable inasmuch as it represents an expense incurred and satisfied by an entity that was not a party to the arbitration.

Taking into consideration these factors and in the exercise of the authority granted by the rules and contractual provisions above cited, the Tribunal awards **$215,413.08** in allowable consultant and investigation costs.

### 3. Other Arbitration Expenses

Claimant seeks arbitration expenses that in the considered judgement of the Tribunal are reasonable and were necessary, ranging from expert reports to translation services required over a nine-day period of oral hearings. A clear exception to the accuracy of this accounting, however, are the submitted amounts attributed to Arbitrator fees and expenses.

By agreement and Order dated July 24, 2015, funds were deposited in an independent trust account to cover fees and expenses of the arbitrators. Thereafter, at regular intervals and with notice to the parties, they were disbursed as needed to offset these services. Records were maintained of these deductions from the trust account. Claimant was responsible for one half of the sums collected and overseen for this purpose. The parties agreed to this division at the outset of the arbitration.

Over the nearly two year period of the Tribunal's existence, a total of $302,745.45 has been paid from the trust account for arbitrators' fees and expenses. Claimant's share of this incurred cost is $151,372.72.

Accordingly, applying this correction from the demand made, the Tribunal awards Claimant **$285,893.57** in allowable costs.

## AWARD OF ATTORNEY FEES AND COSTS

The Tribunal concludes that the total sums allowed and are therefore granted by this Final Award are as follows:

| | |
|---|---|
| For Attorney fees: | **$1,461,915.60** |
| For Consultant and Investigation Costs: | **$215,413.08** |
| For Other Arbitration Expenses: | **$285,893.57** |
| **TOTAL** | **$1,963,222.10** |

Pursuant to the relevant contractual provisions, interest on USD 1,963,222.10 shall accrue at the rate of 8% per annum from and after January 30, 2017.

## FINAL AWARD

### (Incorporating the Partial Final Award of September 30, 2016 and the award of Attorneys' Fees and Costs)

The Respondents are jointly and severally liable to the Claimant as of September 30, 2016, in the amount of $16,491,713.88, inclusive of interest as of that date. Grupo is separately liable to the Claimant for an additional $1,107,266.88 as of that date, representing the higher interest rate of 12% provided in the Guarantee. This Award will accrue interest at the applicable rates from September 30, 2016 until satisfied. In addition, Respondents are jointly and severally liable to the Claimant for attorney's fees and costs in the amount of $1,963,222.10 along with interest at the rate of 8% per annum on that amount from January 30, 2017.

[For reasons of convenience in complying with the signing procedure, the signatures of the Tribunal are placed hereafter on a separate page of this award.]

## SIGNATURES ON THE FOLLOWING PAGE

**Made in Houston, Texas on January 30, 2017**

_(signed)_
_____
EUGENE J. SILVA, Chairman

_(signed)_
_____
JAMES PATRICK COONEY

_(signed)_
_____
ANIBAL SABATER