# EXHIBIT A-8

**Houston Maritime Arbitrators Association**

**Ranger Offshore Mexico S.DE RLDE C.V. vs. Tradeco Infraestructura, S.A. DE C.V.**

**Disposition of Motion for Correction and Clarification**

On September 30, 2016, the Tribunal issued a Partial Final Award in the above-captioned matter. This was followed on January 30, 2017 with a Final Award, which incorporated by reference the Partial Final Award in addition to disposing of certain still pending matters.

In correspondence with the parties dated January 26, 2017, the Tribunal announced that, "…having concluded its assigned responsibilities, [it] nevertheless agrees to remain impaneled for 30 days [from notification of Final Award] to hear any motions for clarification or correction of clerical or arithmetical mistakes that may be filed."

On February 22, 2017, Respondents filed a motion for correction and clarification.

On February 23, 2017, the Tribunal invited Claimant "to express agreement or offer any appropriate comment in respect thereof on or before February 27, 2017."

Claimant provided no response to the invitation from the Tribunal.

Respondents' motion is disposed of as follows:

## Correction

1.   On page 11 of the Partial Final Award in the second paragraph, the last sentence reads in pertinent part: "This is arrived at by adding principal balances of $4,618,558.15 accrued in the pre-suspension period and $15,340,310.89 in the post suspension period, for a total of $19,958,869.04 plus interest at the rate of 12% per annum from **May 27, 2015**, as provided in the Charter Party Guarantee…."

The highlighted date is a typographical error in need of correction. What should have appeared at this point in the award, and what is otherwise found throughout the document when referring to the effective date of the Charter Party Guarantee, is **May 27, 2014**. That is the correct date.

## Clarification

2.      The following sentence is found on page 14 of the Partial Final Award regarding the use by the parties of commercial instruments under Mexican law known as Pagares.

"However, there is no evidence that the remaining four Pagares were ever executed or delivered by Tradeco to Ranger."

The word "executed", derived from the verb "execute", can potentially have slightly different meanings within the context of certain legal documents. It is often synonymous with "sign" as in "to sign a contract" binding a party. The principal usage of the term at law, however, is "to finish, complete, or perform as required, as in fulfilling one's obligations under a contract or a court order…"

To the extent the Pagares that were the subject of this arbitration were "executed" in the sense that they were signed and delivered by Tradeco to Ranger, as noted on page 14, Mexican law applies to govern the respective rights of the parties. The sentence that follows this statement notes that there is no evidence four of them "…were ever executed or delivered by Tradeco to Ranger". This apparently is where the potential confusion arises because the word "execute" was employed in the alternative.

To be perfectly clear, the evidence supports a conclusion that two Pagares were validly signed and delivered by Tradeco to Ranger, but that the remaining four were not delivered to Ranger although they may have been executed in the sense of being signed. Whether all the necessary pre-requisites for the collection of underlying sums represented by these instruments have been satisfied, thereby fulfilling the contractual and financial obligations undertaken, may very well be governed by Mexican law and subject to jurisdiction in that country. Otherwise, Ranger retains the right to recover stipulated amounts under Section 7 of the Charter Party Amendment.

The Final Award is hereby amended and clarified in the terms set out above. Each party is to bear its fees and costs in connection with this ruling.

Made in Houston, Texas on March 1, 2017

_____
EUGENE J. SILVA, Chairman

_____
JAMES PATRICK COONEY

_____
ANIBAL SABATER