# EXHIBIT A-16

## HOUSTON MARITIME ARBITRATORS ASSOCIATION

| | |
|---|---|
| **RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V.,** | § |
| | § |
| | § |
| *Claimant,* | § |
| | § |
| **vs.** | § |
| | § |
| **TRADECO INFRAESTRUCTURA, S.A. DE C.V.; GRUPO TRADECO, S.A. DE C.V.** | § |
| | § |
| | § |
| | § |
| *Respondents.* | |

## DECLARATION IN SUPPORT OF FEES AND EXPENSES

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

I, Alexander C. Chae, declare as follows:

1.      My name is Alexander C. Chae.  The facts stated herein are based on my personal knowledge because they relate to events or occurrences in which I personally participated or which I have personally observed, and are true and correct.

2.      In 1990, I graduated with honors from The University of Missouri School of Law. I became duly licensed to practice law in the State of Texas in 1990 and have practiced law ever since.  I am licensed to practice in the State of Texas, the U.S. District Court for the Southern, Northern and Western Districts of Texas, and the Fifth Circuit Court of Appeals.  I have also been admitted *pro hac vice* to practice law in numerous jurisdictions around the country, including California, Florida, Illinois, and Massachusetts.

3.      I am a partner at Gardere Wynne Sewell LLP ("Gardere") in Houston, Texas. Gardere attorneys have had a relationship with Ranger Offshore Mexico, S. de R.L. de C.V. ("Ranger") for over eight years.  As a result of my experience, I am well acquainted with the

standards prevailing around the state of Texas, including Harris County and the surrounding areas, for reasonable and customary attorneys' fees and expenses in civil litigation of this type.

4.  Ranger retained my services and those of Gardere in connection with the dispute between, Ranger, Tradeco Infraestructura S.A. de C.V. ("Tradeco"), and Grupo Tradeco, S.A. de C.V. ("Grupo Tradeco") and oversaw all aspects of Gardere's representation of this matter.

5.  On behalf of Ranger, I or an attorney under my supervision, performed all of the following services in this matter:

      a.  Communicated with Ranger's representatives regarding the facts of this case and recommended courses of action, including continued negotiations with Tradeco and Grupo Tradeco;

      b.  Prepared Ranger's Demand for Arbitration, including its Notice of Arbitration Demand;

      c.  Reviewed the facts as they relate to the claims asserted in the Demand for Arbitration;

      d.  Reviewed Texas and Mexican law as it related to the claims asserted in the Demand for Arbitration;

      e.  Reviewed relevant business records concerning the parties' charter agreement that is the subject of the Arbitration; and

      f.  Researched and analyzed all claims asserted by Ranger;

6.  The professional legal services described above were rendered by the following Gardere lawyers: Daniel Aranda, Roberto Arena Reyes, Mary E. Frazier, James J. Sentner Jr., and Juan Francisco Vazquez and me. Collectively, Gardere's lawyers have spent approximately 56.70 hours that resulted in $29,007.80 in attorney fees and expenses for the Firm's

representation in this matter. The hourly rates of the aforementioned attorneys ranged from $375 to $690. These hourly rates are those normally charged in and around Texas, by attorneys having the experience and qualifications of the attorneys listed above.

7.    In determining whether the amount of Gardere attorneys' fees and expenses incurred by Ranger were reasonable, customary, and necessary, I have taken into account the factors set forth by the Texas Supreme Court, which include those listed in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997) and Section 1.04 of the Texas Disciplinary Rules of Professional Conduct as follows:

    a.    Time and labor; novelty; difficulty of the questions involved; skill requisite to perform the legal services properly.

- It is my opinion that the actual time and labor involved to perform the legal services properly, as indicated above, was appropriate and reasonable for the legal services rendered.

- It is my opinion that required legal services in connection with the case were fairly novel, but that they were not particularly difficult.

- It is my opinion that the skill required to perform the legal services properly was that of a senior or very experienced trial, and maritime attorney, with less experienced attorneys and Mexican trained lawyers working under his or her supervision.

- It is my opinion that the attorneys and legal assistants who provided legal services in this matter, meet or exceed the

required level of skill and have the requisite skills to perform competently the services that are the subject matter of this affidavit.

b.      Likelihood, if apparent to the client, of preclusion of other employment.

- It is my opinion that as to the legal services that are the subject of this affidavit, there was a likelihood of preclusion of other employment.

c.      The fee customarily charged in the locality for similar legal services.

- It is my opinion that it is customary in cases of this nature to charge a fee based on multiplying an hourly rate times the number of hours worked and it is not customary to charge a contingent fee.

- It is my opinion that the hourly rates charged for the time of the attorneys and legal assistants listed above are commensurate with the rates charged in the Houston legal market for services like those rendered by Gardere in this case and are reasonable given the service providers' knowledge and experience in this area.

d.      The amount involved; the results obtained.

- It is my opinion, given the significance of the dollar amounts at issue and the relief sought by Ranger, that the

fee sought by Ranger is reasonable.

- It is my opinion that the result achieved by Ranger further confirms that the fee sought by Ranger is reasonable.

e.  The time limitations imposed by the circumstances or the client.

- It is my opinion that there were no unusual time limitations imposed by the circumstances or the client.

f.  The nature and length of the professional relationship with the client.

- It is my opinion that Ranger's relationship with Gardere and the need for assistance from Gardere's Mexico City Office was necessary to better understand the implications of the issues associated with this matter.

g.  The experience, reputation, and ability of the lawyers performing the services.

- It is my opinion that I am very experienced and have a high degree of ability to perform the required legal services. Based upon the opinion of other competent attorneys and clients, it is my opinion that I enjoy a very good reputation.

h.  Whether the fee is fixed or contingent on results; uncertainty of collection before the services have been rendered.

- The fee in this case is based on a multiple of hours times rates. It was not contingent on the outcome of the case. Before the services were rendered, there was no material

uncertainty of collection.

8.      True and correct copies of Gardere's attorneys' fee invoices have been attached hereto as Exhibit 1.  The invoices are documents kept by Gardere in the regular course of business; and it was the regular course of business of Gardere for an employee or representative of Gardere with personal knowledge of the act, event, condition, opinion, or diagnosis recorded to make the records or to transmit information thereof to be included in the records; and the records were made at or near the time of the date appearing on the records or reasonably soon thereafter.  The records are exact duplicates of the original documents.

9.      The invoices in Exhibit 1 reflect the actual charges by month as incurred by Ranger and include a daily description and the amount of fees incurred for the tasks performed by each lawyer or other professional providing legal services.  As the attorney-of-record, I have reviewed the statements prior to being sent to the client to ensure that any duplicative, excessive, or inadequately documented work was excluded.  The invoices have been redacted only to the extent necessary to protect against the disclosure of privileged attorney-client communications or other privileged material.

10.     Based upon the nature of this case, my experience, as well as my familiarity with the work performed in this case, including the review of all the billing records, my knowledge of similar commercial cases, and the billable rates per hour charged by Gardere for its services, it is my opinion that reasonable and necessary attorneys' fees and expenses for the limited legal services of Gardere in this case against are $29,007.80.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

ALEXANDER C. CHAE

SUBSCRIBED AND SWORN TO BEFORE ME on this 2 day of October, November 2016, to certify which witness my hand and official seal.

JUDY D. HANSEN
Notary Public, State of Texas
Commission Expires 07-02-2020
Notary ID 1056988-7

Notary Public in and for the State of TEXAS