# EXHIBIT A-19

# Houston Maritime Arbitrators Association

## Ranger Offshore Mexico, S. DE R.L. DE C.V. vs. Tradeco Infraestructura, S.A. DE C.V.

### ORDER

Introduction

Respondents and counter-claimants (sometimes referred to individually as "Tradeco" and/or "Grupo Tradeco") have filed a Partial Summary Disposition to either dismiss, or alternatively, abate these proceedings pending the outcome of arbitration in Mexico pursuant to clauses found in two agreements allegedly binding the parties herein.

Claimant strongly opposes the motion for reasons the panel notes and has considered but chooses not to incorporate in this order.

If the Tribunal were to grant Respondents their request this would delay or terminate these proceedings after a full year of pre-arbitration activity and just four weeks before scheduled hearings. Therefore, we address the issue before the many others currently on file to avoid confusion, resolve questions of potentially competing jurisdictions and settle any uncertainty about the current status of the previously agreed schedule of events.

Background

The two referenced contracts, each containing a clause Respondents argue mandate arbitration in Mexico under Mexican law, are a "Cooperation Agreement" and a "Master Service Agreement". Claimant acknowledges being a party to the former, but argues the latter was never signed and is therefore not a valid contract to which Claimant is bound. Both agreements define and seek to govern certain business and commercial activities of the parties whose names appear, save and except Grupo Tradeco which is not mentioned at all in either. The Cooperation Agreement also includes a third entity not involved in this arbitration.

In very general terms, the Cooperation Agreement sought to support and promote joint efforts of the parties to procure business from Pemex Exploracion and Produccion (referred to as "Customer"). The Master Service Agreement purports to set forth terms and conditions relating to a wide variety of matters that could arise during the normal course of operations between Tradeco (but not Grupo Tradeco) and Claimant, assuming arguendo Claimant is even a proper party to this agreement. Included subjects are warranties, representations, provision of equipment, payment procedures, securing permits, drugs, alcohol, firearms on work premises, record keeping, insurance, allocation of risk, confidentiality and force majeure, among others.

Neither of these two contracts upon which Respondents rely in seeking a stay or dismissal refers by name to the Charter party that both parties initially agreed was the predicate legal document upon which this arbitration was invoked. Likewise, the Charter party does not refer to

either of the two contracts. Both contracts have dispute resolution clauses that mandate arbitration in Mexico under Mexican law.

Ruling

This arbitration commenced on March 12, 2015. The first agreed order issued by the Tribunal included the following:

> The parties have advised there are no pending or anticipated parallel or duplicative proceedings relating to the issues in this arbitration, save and except a federal lawsuit involving "Grupo Tradeco," described as a charter party guarantor. Upon its anticipated request and with full written consent of the parties, Grupo may be allowed to participate in these arbitral proceedings. The terms and conditions of such participation, if any, remain to be decided.

The obvious intent of this provision was to settle both venue and the identity of all interested parties at the outset so as to avoid a waste of time, money and effort in resolving the issues presented for determination. Respondents agreed then but now argue they only recently were made aware of terms in the foreign agreements described above that warrant their present motion to transfer the matter to Mexico. Missing in this explanation is the relevant arbitration clause in the charter party itself that is direct and unambiguous:

"...for the sake of clarification, any and all differences and disputes of whatsoever nature arising out of this contract shall be put to arbitration in the city of Houston, Texas, pursuant to the Maritime Laws of the United States, The Federal Arbitration Act, and the Rules of the Houston Maritime Arbitrators Association, before a panel of three persons, consisting of one Arbitrator to be appointed by each of the parties and a third by the two so chosen..."

Also missing is an acknowledgement that Respondents have proceeded with pre-arbitration activity up until the present without ever questioning the validity, scope or intent of the charter party arbitration provision upon which this proceeding commenced with its choice of law, venue and procedure, all of which are in direct contravention to Mexican arbitration. Instead, the legal arguments now being framed by Respondents to justify dismissal or a stay require a creative and selective reading of terms in three documents - the charter party in addition to the Cooperation Agreement and Master Service Agreement. This not only complicates resolution of issues raised by all the parties to date, based on the charter party alone, it would also require significant additional preparation and the application of foreign law for which this Tribunal lacks jurisdiction.

Therefore:

This arbitration will proceed as originally conceived and agreed, in accordance with the arbitration clause found in that certain BIMCO charter party signed by the parties, pursuant to the laws of the United States, with particular reference to the General Maritime Law, in Houston, Texas. Respondents are free to assert whatever claim, right or remedy is afforded them and to which they feel entitled under the Cooperation Agreement and Master Service Agreement in whatever jurisdiction is found competent to entertain that effort. To the extent there may exist evidence in either of these foreign law agreements which is both material and relevant to issues that arise in this arbitration, the same may be offered at the hearings which remain on schedule to start May 23, 2016 in Houston, Texas.

Respondents' Motion for Partial Summary Disposition to Dismiss or Abate is **DENIED**

**April 23, 2016**

<u>/s/ Gene Silva,</u> Chair
for the Panel